### STRAW v. UNITED STATES.
### No. 6772.

Circuit Court of Appeals, Ninth Circuit.
Jan. 9, 1933.

David Spaulding, of West Los Angeles, Cal., for appellant.

Samuel W. McNabb, U. S. Atty., and Clyde Thomas, Asst. U. S. Atty., both of Los Angeles, Cal.

Before SAWTELLE, Circuit Judge, and NETERER and ST. SURE, District Judges.

ST. SURE, District Judge.

Appeal from a judgment in a suit upon a policy of war risk insurance.

Plaintiff filed his complaint on June 20, 1929, an amended complaint on August 21, 1931, and a second amended complaint on September 10, 1931. The first cause of action of the amended complaint was identical with that stated in the original complaint. Both contained the usual averments, including disagreement, in war risk insurance cases, and both alleged that plaintiff was totally and permanently disabled at the date of his discharge from the Army on May 19, 1919, at which time his policy was still in full force. The second cause of action alleged, in substance, that plaintiff was entitled to the benefits of section 305 of the World War Veterans' Act 1924 (38 USCA § 516), in keeping his policy in force until September 12, 1922, at which time, he further alleged, he was totally and permanently disabled and entitled to the benefits of the policy. After demurrer, plaintiff withdrew his amended complaint, and thereafter, with leave of court, filed a second amended complaint which contained, in addition to the usual averments in such cases, an allegation in the alternative that, "if the plaintiff was not totally and permanently disabled on the 19th day of May, 1919, then plaintiff's said policy of War Risk Insurance remained in full force and effect up to and including the month of October, 1922. That if said plaintiff was not totally and permanently disabled on the 19th day of May, 1919, plaintiff was so disabled on the 1st day of September, 1922, and entitled to benefits of said policy as provided by law from September 1, 1922."

In its answer defendant denied the material allegations of the complaint, particularly denied the disagreement as alleged, and specially pleaded the statute of limitations.

For a further and separate answer and defense, and by way of counterclaim, it was alleged that the sum of $105.95 was due to defendant by reason of certain insurance kept in force under the provisions of said section 305 (38 USCA § 516).

The case was tried by the court, a jury having been waived. From the evidence the trial court found:

"IV. That plaintiff became permanently and totally disabled within the meaning of his War Risk Insurance contract on September 1, 1922, when under his contract of War Risk Insurance and under applicable acts of Congress relative thereto, his insurance was in force and effect. * * *

"VI. That plaintiff was totally and permanently disabled on the 22nd day of September, 1922, but that the only evidence of a disagreement between the plaintiff and defendant was the plaintiff's letter to the Director of the Veterans' Bureau dated January 15, 1929, and a reply thereto from the General Counsel of the Veterans' Bureau dated April 10, 1929, which letters were a claim for and denial thereof of total and permanent disability from discharge, to-wit, 1919; that said claim was not substantiated at the trial and that said claim and denial did not justify the finding that the same was or could be considered a disagreement between the parties over a claim under the contract of insurance for total disability arising September 1, 1922, and that the court was, therefore, without jurisdiction to grant a claim never theretofore considered or denied by the Veterans' Bureau. That likewise the court had no power to pass upon the counterclaim of the defendant herein for the same reason."

The letters mentioned above in finding VI, and upon which plaintiff relied to establish a disagreement, are given without superscriptions or subscriptions. On January 15, 1929, the plaintiff wrote to General Frank T. Hines, Director of the United States Veterans' Bureau, as follows:

"I hereby make formal application for the payment of my insurance in the amount of $57.50 per month to me by the Veterans Bureau of the United States Government, for the reason that I have been permanently and totally disabled ever since my discharge from the service due to my disabilities incurred in the service.

"The facts will show that I have been unable to continuously follow any substantially gainful occupation ever since my discharge by reason of these disabilities.

"Please notify me as soon as possible your decision on this request. I believe that I am entitled to the benefits of my insurance, and in the event of an unfavorable reply from the Director it is my intention to enter suit in civil courts for this insurance benefit.

"Address all communications to me care Post Office Box 1031, Sawtelle, California.

"I desire to cooperate with the Veterans Bureau in every respect."

On April 10, 1929, William Wolff Smith, General Counsel for the Veterans' Bureau, replied to plaintiff's letter as follows:

"Further reference is made to the claim submitted by you for a permanent and total disability rating from date of discharge.

"You are advised that the Director, after a careful review, has decided the evidence is insufficient to warrant a permanent and total disability rating prior to January 8, 1925. Under this decision, the benefits claimed must be denied. However, this decision does not affect in any way the insurance benefits now payable.

"This letter is evidence of a disagreement under Section 19 of the World War Veterans Act, 1924, as amended."

In his conclusions the learned trial judge said: "It is perfectly clear from the two letters that the claim asserted by the veteran was with reference solely to a discharge from the service, to-wit: in 1919, and such claim has not been substantiated, this, in my opinion, does not justify a finding that there has been any disagreement between the parties over a claim under the contract and/or insurance for total and permanent disability arising September 1, 1922, and for this reason, this Court is without jurisdiction to grant the plaintiff the relief prayed for in the Second Amended Complaint." The learned trial judge cited a decision of this court, Berntsen v. United States, 41 F.(2d) 663, 665, as supporting his ruling.

Jurisdiction to entertain suits upon war risk insurance policies arises only in cases of disagreement between the insured and the Veterans' Bureau in respect to the claim. Section 19 of the World War Veterans' Act 1924, as amended, section 445, title 38 USCA, provides as follows: "In the event of disagreement as to claim under a contract of insurance between the bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the Supreme Court of the District of Columbia or in the district court of the United States in and for the district in which such persons or any one of them re-

sides, and jurisdiction is conferred upon such courts to hear and determine all such controversies."

The Act as amended July 3, 1930, § 4 (38 USCA § 445) further provides: "The term 'claim' as used in this section, means any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or which uses words showing an intention to claim insurance benefits and the term 'disagreement' means a denial of the claim by the director or some one acting in his name on an appeal to the director."

 The act, when considered in the light of the amendment of July 3, 1930, admits of a liberal construction, and refutes the idea of any inflexible rule for measurement in all cases. The question as to whether or not there was a disagreement must necessarily be determined from the facts presented in each case.

The facts in the Berntsen Case, supra, and those in the case at bar are readily distinguishable. A comparison of the claims presented in the two cases shows a marked difference between them. As observed by Judge Wilbur, author of the opinion in the Berntsen Case: "The claim made by the appellant [Berntsen] * * * is not based upon the fact that the appellant is permanently and totally disabled. There is no disagreement between the Bureau and the appellant on that subject." Further: "The appellant's claim presented to the court is based entirely upon the allegation that the permanent and total disability occurred while appellant's war-risk insurance was still in effect. No such claim was presented to the Bureau. Therefore there was no disagreement between the claimant and the Bureau thereon." And finally: "If the appellant had presented a claim such as he now presents to the court for determination by the Bureau as to whether or not he was entitled to monthly payments under his War Risk Insurance by reason of total and permanent disability occurring during the life of the policy, the reply of the Bureau herein might appropriately be considered a rejection of that claim because it fixed a later date for the accrual of the total and permanent disability."

As required by the statute, plaintiff's claim "alleges permanent and total disability at a time when the contract of insurance was in force," and "uses words showing an intention to claim insurance benefits." A denial followed. Thus plaintiff clearly comes within the holding of Judge Wilbur above quoted.

The decision in United States v. De Armond (C. C. A.) 48 F.(2d) 465, in which case the facts relative to the disagreement are similar to those in the case at bar, correctly applies Judge Wilbur's reasoning in the Berntsen Case.

Having in mind the statute, and having before us the letters offered to establish disagreement, and the decision of this court in the Berntsen Case, after comparison and consideration, we think that there was sufficient proof of the statutory disagreement which was a necessary part of plaintiff's case.

The plaintiff's cause of action is not barred by the provisions of section 445, title 38, USCA. The original complaint and the amended complaints relate to the same cause of action. Each complaint is for the recovery of insurance alleged to be due under a policy of war risk insurance.

The judgment of the District Court is reversed.