## UNITED STATES v. STACK et al.
### No. 3395.

Circuit Court of Appeals, Fourth Circuit.
Jan. 31, 1933.

John M. George, Atty., U. S. Veterans' Administration, of Richmond, Va. (Henry E. Davis, U. S. Atty., of Florence, S. C., S. Henry Edmunds, Jr., Asst. U. S. Atty., of Charleston, S. C., Davis G. Arnold and C. L. Dawson, both of Washington, D. C., and J. C. Willcox, of Columbia, S. C., Attys., Veterans' Administration, on the brief), for the United States.

R. K. Wise, of Columbia, S. C. (W. D. Barnett, of Columbia, S. C., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment on a policy of war risk insurance which lapsed for nonpayment of premiums in the year 1919. Insured died of tuberculosis in the year 1925. The only question is whether insured was totally and permanently disabled at the time of the lapse of the policy, and the majority of the court are of opinion that, under the principles laid down in U. S. v. Diehl (C. C. A. 4th) 62 F.(2d) 343, and Eggen v. U. S. (C. C. A. 8th) 58 F.(2d) 616, 620, the evidence is not sufficient to sustain the conclusion that he was disabled at that time. We think that there is evidence that insured then had incipient tuberculosis, that the disease did not become arrested, and that it later caused permanent disability and finally resulted in death; but there is no evidence that the conditions which existed during the life of the policy, even if the disability be considered total at that time, made it reasonably certain that this total disability would continue throughout the lifetime of the insured. As was well said in the Eggen Case, supra:

"Courts recognize the fact that tuberculosis in its incipient stage is usually not an incurable malady. See Nicolay v. United States [(C. C. A.) 51 F.(2d) 170], supra; Hirt v. United States [(C. C. A.) 56 F.(2d) 80], supra. A finding that the insured was permanently disabled on October 1, 1919, or prior thereto, would not only be without substantial support in the evidence, but would necessarily be based solely upon speculation and conjecture. No one could determine from the evidence whether there were, during the life of the policy, conditions not disclosed which then placed the insured in the class of incipient tuberculars who cannot be cured, or whether, subsequent to lapse, such conditions developed during the natural progress of the disease, or because of the failure of the insured to take treatment, or as the combined result of both the disease and such failure. The appellant calls attention to the fact that there was nothing in the contract requiring the insured to take treatment. That is true, but an insured may not convert a total temporary disability existing before lapse into a total permanent disability by neglecting his condition after lapse, and the failure to take treatment may destroy whatever probative value death or permanency of disability occurring after lapse would otherwise have."

In the opinion of the majority of the court, the motion of the government for a directed verdict should have been granted; and

the judgment appealed from will accordingly be reversed.

Reversed.