## FALBO v. UNITED STATES.
### No. 6965.

Circuit Court of Appeals, Ninth Circuit.

May 1, 1933.

Rehearing Denied June 2, 1933.

Graham K. Betts, of Seattle, Wash., for appellant.

H. E. Ray, U. S. Atty., and Sam S. Griffin, W. H. Langroise, and Ralph R. Breshears, Asst. U. S. Attys., all of Boise, Idaho.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

MACK, Circuit Judge.

Appeal from judgment for defendant on a directed verdict in an action on a war risk insurance certificate in force by payment of premiums until May, 1919.

1. Under our decision in Straw v. United States, 62 F.(2d) 757 (1933), jurisdiction is clear; a letter from the Bureau's general counsel advising claimant that the Director has denied his claim is prima facie proof of statutory prerequisite to suit, a disagreement as defined in the Act of July 3, 1930, c. 849, § 4, 46 Stat. 998, 38 USCA § 445.

2. The only substantial question is whether or not the court erred in directing a verdict for want of any substantial evidence that plaintiff was permanently disabled in May, 1919, when the policy would otherwise have lapsed.

The evidence may be briefly summarized as follows: Plaintiff entered the Army in June, 1918; before going overseas he was hospitalized for several weeks on account of measles. Then he spent a month or two in Belgium quartered in an old barn, "usually wet and damp." During that time he was in the front lines for several days in rainy weather, without change of clothes. From Belgium he was sent to France, thence home. While in Belgium he suffered from a painful cough, night sweats, pain across the shoulders

and general weakness. Since that time he has never been a well man.

After his discharge, in April, 1919, he worked for over four months for a lumber company, loading lumber; thereafter he was employed for about a year in a match factory and for another year in a sawmill. In 1922 he entered a hospital, and except for two short intervals has been in hospitals ever since. While employed he received the same pay as other men doing the same work, averaging roughly between 40 and 50 cents an hour.

Although he had a hemorrhage after a 4th of July celebration in 1919, he did not see a doctor until March, 1920. This doctor testified that he then diagnosed plaintiff's condition as acute pulmonary tuberculosis, that it was then of six to eighteen months' duration, and that the condition was progressive thereafter; further, that he had instructed plaintiff to rest, but that his economic situation prevented this.

Another physician who had treated him in a hospital in 1922 likewise testified to the tubercular condition and the strong probability that he had tuberculosis before the hemorrhage of July, 1919.

While, on this evidence, a finding of total disability in May, 1919, and of permanent disability at a much later period, would be justified, we concur in the judgment of the District Judge that it fails to show a condition of permanent disability in May, 1919, a disability then "reasonably certain to be permanent during lifetime." United States v. McCreary, 61 F.(2d) 804, 808 (C. C. A. 9, 1933). The burden of proof is on the plaintiff; "it is not carried by leaving the matter in the realm of speculation." United States v. Rentfrow, 60 F.(2d) 488, 489 (C. C. A. 10, 1932). The testimony of plaintiff's physician in answer to questions by the court indicates the speculative character of the evidence on this material point.

"Q. Suppose at that time, back in July, 1919, the Fourth, that he had taken proper treatment, hadn't worked, and followed the proper course under medical direction, is it reasonably likely that he would have recovered? A. He may have.

"Q. Is it reasonably likely he would not have? A. Well, he may have recovered and he might not have."

We concur in and deem completely applicable here the views so well expressed by Judge McDermott in the Rentfrow Case: "Such cases as these, which are as frequent as they are unfortunate, make a strong appeal to the sympathies. An incipient tubercular stands at a crossroads: If he continues his ordinary activities, his condition is a hopeless one. On the other hand, if he will follow a program of complete rest and wholesome nourishment for an indicated period, the chances are strongly in favor of an arrested condition and a substantial cure. Many times the choice is a hard one, particularly when the economic circumstances of the insured are considered. But we cannot believe that liability upon these contracts of insurance should be determined by the conduct of the insured after the policy has lapsed, nor by economic circumstances which may influence that conduct. We can find no support, in this record, for a finding that the tuberculosis with which insured was afflicted had progressed to the incurable stage when his policy lapsed. * * * *"

Likewise, in this case, the record, in our judgment, does not justify a finding that in May, 1919, the total disability, due to incipient tuberculosis, was reasonably certain to be permanent that is, to continue for appellant's life; his own testimony, as well as the entire record, left the question of whether or not his disease was then incurable entirely in the realm of speculation. See, too, Eggen v. United States, 58 F.(2d) 616 (C. C. A. 8, 1932); United States v. Stack, 62 F.(2d) 1056 (C. C. A. 4, 1933); Walters v. United States, 63 F.(2d) 299 (C. C. A. 5, 1933); Wise v. United States, 63 F.(2d) 307 (C. C. A. 5, 1933).

Judgment affirmed.

SAWTELLE, Circuit Judge (dissenting).

I think there was substantial evidence tending to show total and permanent disability on May 31, 1919, when appellant's policy lapsed by reason of his discontinuance of the payment of premiums, and that the trial court erred in not submitting the case to the jury. The fact, if it be a fact, that appellant worked when he should not have done so, or that he did not take proper rest and care, has little or no bearing upon the question of total and permanent disability on the above date, and consequently upon appellant's right to recover upon the policy.