## UNITED STATES v. BAKER et al.

### No. 3731.

Circuit Court of Appeals, Fourth Circuit.

Nov. 19, 1934.

W. C. Pickett, Sp. Asst. to Atty. Gen. (James O. Carr, U. S. Atty., of Wilmington, N. C., Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., and Fendall Marbury, Sp. Asst. to Atty. Gen., on the brief), for the United States.

456

Malcolm McQueen and J. V. Blackwell, both of Fayetteville, N. C. (H. C. Blackwell, of Fayetteville, N. C., on the brief), for appellees.

Before PARKER, and NORTHCOTT, Circuit Judges, and WATKINS, District Judge.

PER CURIAM.

This is an appeal in a war risk insurance case in which the only question involved is the sufficiency of the evidence to carry the case to the jury on the issue of total and permanent disability. The premiums paid kept the insurance in force till July 1, 1919. Insured died May 13, 1921, of miliary tuberculosis, or galloping consumption. Although there is evidence of symptoms which might have justified a finding that the insured had incipient tuberculosis at the time of the lapse of the policy, there is no evidence that at that time the disease was of such a character or had reached such a stage that it could not have been arrested by proper treatment. On the contrary, it appears that insured was married in December, 1919, and that not until September, 1920, was his condition such as to cause him to seek medical advice. Even then his ailment was not diagnosed as tuberculosis but as pleurisy; and not until February, 1921, was he found to have tuberculosis. The attending physician testified that the disease developed very rapidly and that in his opinion the symptoms observed in 1920 were the beginning of the condition found in 1921. Under such circumstances, a finding of total and permanent disability in July, 1919, was not justified, even though insured may have had incipient tuberculosis at that time; and verdict should have been directed for the government. Ivey v. U. S. (C. C. A. 4th) 67 F.(2d) 204, 205; U. S. v. Stack (C. C. A.) 62 F.(2d) 1056; Falbo v. U. S. (C. C. A. 9th) 64 F.(2d) 948; Id., 291 U. S. 646, 54 S. Ct. 456, 78 L. Ed. 1042; Eggen v. U. S. (C. C. A. 8th) 58 F. 616, 620; U. S. v. McShane (C. C. A. 10th) 70 F.(2d) 991, 996. The principles applicable were thus stated in the Eggen Case by the Circuit Court of Appeals of the Eighth Circuit in a passage which we quoted with approval in the Stack Case:

"Courts recognize the fact that tuberculosis in its incipient stage is usually not an incurable malady. See Nicolay v. United States [(C. C. A.) 51 F.(2d) 170], supra; Hirt v. United States [(C. C. A.) 56 F.(2d) 80], supra. A finding that the insured was permanently disabled on October 1, 1919, or prior thereto, would not only be without substantial support in the evidence, but would necessarily be based solely upon speculation and conjecture. No one could determine from the evidence whether there were, during the life of the policy, conditions not disclosed which then placed the insured in the class of incipient tuberculars who cannot be cured, or whether, subsequent to lapse, such conditions developed during the natural progress of the disease, or because of the failure of the insured to take treatment, or as the combined result of both the disease and such failure."

On the evidence in the record before us, it was purely a matter of speculation as to whether the insured on July 1, 1919, had tuberculosis which had reached such stage that it could not be arrested by proper treatment. If upon another trial plaintiff can produce substantial evidence that the disease had reached such stage at that time, she may be entitled to go to the jury; but upon this record the judgment appealed from must be reversed.

Reversed.