## UNITED STATES v. HORN.
### No. 3715.

Circuit Court of Appeals, Fourth Circuit.
Nov. 19, 1934.

George I. Neal, U. S. Atty., of Huntington, W. Va. (Will G. Beardslee, Director, Bureau of War Risk Litigation, and Young M. Smith, Atty., Department of Justice, both of Washington, D. C., on the brief), for the United States.

James Damron, of Huntington, W. Va., for appellee.

Before NORTHCOTT and SOPER, Circuit Judges, and MYERS, District Judge.

NORTHCOTT, Circuit Judge.

Appellee, herein referred to as the plaintiff, brought this action at law against the United States, herein referred to as the defendant, to recover for a total and permanent disability benefit under a war risk insurance policy issued to one Don Austin while in the military service of the United States. Austin enlisted in the army on April 1, 1918, and on April 2d, the day following his enlistment, he applied for and was issued a contract of war risk term insurance. The soldier was examined for discharge on February 11, 1919, at Camp Lee, Va., and was honorably discharged on February 18th, of that year. Austin made no premium payment on his insurance after his discharge, and the contract lapsed on March 1, 1919, unless it had been matured at that time by permanent and total disability.

In April, 1919, Austin, who prior to his enlistment in the army was a boiler maker's helper working for the Norfolk & Western Railway Company, at Williamson, W. Va., resumed his old job and continued working at it until June, 1920, during which time he earned the sum of $1,489.88. He was married in June, 1919.

In February, 1920, insured was treated by a doctor who testified that at that time he found a congested nose and throat, and râles, and made a diagnosis of chronic bronchitis. This doctor further testified that the râles found were of the type that one has with a common cold and did not indicate any disability except possibly a cold. This physician also testified that he knew that Austin was employed at the time and did not advise him to discontinue working. The same doctor examined him again in June, 1920, and made a diagnosis of incipient tuberculosis.

The insured was admitted to the United States public health hospital at Greenville, S. C., in July, 1920, and on his admission at this hospital was found to have active, chronic, pulmonary tuberculosis. He left the hospital at Greenville within a month without being discharged by the hospital authorities. He was urged to take treatment in March, 1921, July, 1921, August, 1921, and December, 1921, but refused to do so, and died in February, 1923, from pulmonary tuberculosis.

A number of lay witnesses testified that, upon Austin's return from the army, he seemed to be in poor health; that he coughed and had lost weight; other lay witnesses who worked with him after he returned testified that he did his work well and was apparently in good health.

The plaintiff was appointed administratrix of the estate of the deceased veteran.

The sole question necessary to be considered here is whether the plaintiff, upon whom rests the burden of proof in the case, has shown by proper proof that the deceased was totally and permanently disabled on March 1, 1919.

There is no direct proof that the deceased had tuberculosis at the time the policy expired. To hold that he was so afflicted would be, to the highest degree, speculative. The admitted facts in the case tend to rebut any such presumption. The work record of the deceased for more than a year after his discharge from the army would tend to prove that he was not disabled, even partially, when discharged.

After a partial disability, in the form of incipient tuberculosis, was proven there is no evidence that such disability could not have been removed by proper treatment of the disease. As was said by this court in the case of United States v. Stack, 62 F.(2d) 1056: "'Courts recognize the fact that tuberculosis in its incipient stage is usually not an incurable malady. See Nicolay v. United States (C. C. A.) 51 F.(2d) 170, supra; Hirt v. United States (C. C. A.) 56 F.(2d) 80, supra. A finding that the insured was permanently disabled on October 1, 1919, or prior thereto, would not only be without substan-

tial support in the evidence, but would necessarily be based solely upon speculation and conjecture. * * * '"

In the case of Falbo v. United States (C. C. A.) 64 F.(2d) 948, 949, affirmed 291 U. S. 646, 54 S. Ct. 456, 78 L. Ed. 1042, the court said: "While, on this evidence, a finding of total disability in May, 1919, and of permanent disability at a much later period, would be justified, we concur in the judgment of the District Judge that it fails to show a condition of permanent disability in May, 1919, a disability then 'reasonably certain to be permanent during lifetime.' United States v. McCreary, 61 F.(2d) 804, 808 (C. C. A. 9, 1933). The burden of proof is on the plaintiff; 'it is not carried by leaving the matter in the realm of speculation.' United States v. Rentfrow, 60 F.(2d) 488, 489 (C. C. A. 10, 1932)."

The action of the deceased in leaving the hospital, where he was sent for treatment, without authority of the officials of the hospital, and his continued refusal to accept hospitalization, would preclude recovery in this case, even if it were found that the proof of disability was sufficient otherwise. As was said by us in United States v. Lancaster, 70 F.(2d) 515, 516: "It is manifestly unfair to the government, when it offers hospitalization to a veteran, to have the veteran refuse further treatment and then claim that his disability is permanent. Walters v. United States (C. C. A.) 63 F.(2d) 299."

It was urged on behalf of the defendant that the trial court did not have jurisdiction to entertain the plaintiff's action because no disagreement existed, but, in view of our holding on the merits, it is not necessary to discuss that point.

The trial court should have directed a verdict for the defendant, and the judgment of the court below is accordingly reversed.