### UNITED STATES v. SEARS.
### No. 3753.

Circuit Court of Appeals, Fourth Circuit, Jan. 16, 1935.

Before PARKER and SOPER, Circuit Judges, and WEBB, District Judge.

C. L. Dawson, Atty., Department of Justice, of Washington, D. C. (Carlisle W. Higgins, U. S. Atty., of Greensboro, N. C., Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., and Randolph C. Shaw, Sp. Asst. to Atty. Gen., on the brief), for the United States.

F. B. Benbow, of Winston-Salem, N. C., and McNeill & McNeill, of Lumberton, N. C., for appellee.

PER CURIAM.

This is an appeal in a war risk insurance case in which the only issue involved is the sufficiency of the evidence to carry the case to the jury on the issue of total and permanent disability. The premiums paid kept the insurance in force till May 1, 1919. Insured died May 10, 1924, as the result of cerebral hemorrhage, although pulmonary tuberculosis was assigned as a contributory or secondary cause. There is evidence that he had had tuberculosis for a year or so before his death; but no evidence from which an inference could properly be drawn that he had this disease in such stage as to constitute total and permanent disability at the time of the lapse of the policy. In October, 1919, he enlisted in the North Carolina National Guard, and stated that he was physically able to perform the duties of an able-bodied soldier. A physical examination disclosed no serious defects, and he was accepted as a member of the National Guard. He attended instruction camps in 1920 and 1921, and in the latter year was commissioned a second lieutenant. From 1919 to 1922 he worked for a tobacco company with reasonable regularity, and earned substantial wages. In 1922 he began operating a grocery store which he continued to operate until the spring of 1923, when he was admitted to a government hospital. Insured was gassed in action in France; and there is evidence to justify the conclusion that he may have had incipient tuberculosis at the time of his discharge, but there is no evidence to justify the finding that the disease had reached such stage as to constitute total and permanent disability at that time. Under such circumstances, verdict should have been directed for the government. U. S. v. Spaulding, 55 S. Ct. 273, 79 L. Ed. ——; U. S. v. Baker (C. C. A. 4th) 73 F.(2d) 455; Ivey v. U. S. (C. C. A. 4th) 67 F.(2d)

204; U. S. v. Stack (C. C. A. 4th) 62 F.(2d) 1056; Falbo v. United States (C. C. A. 9th) 64 F.(2d) 948; Id., 291 U. S. 646, 54 S. Ct. 456, 78 L. Ed. 1042. The judgment appealed from will be reversed.

Reversed.