**UNITED STATES v. KRUEGER.**

No. 5282.

Circuit Court of Appeals, Seventh Circuit.

April 2, 1935.

Rehearing Denied June 11, 1935.

James R. Fleming, U. S. Atty., of Fort Wayne, Ind., Luther M. Swygert, Asst. U. S. Atty., of South Bend, Ind., Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., and Lawrence A. Lawlor, Sp. Asst. to Atty. Gen., for the United States.

Floyd O. Jellison and Lewis J. Murphy, both of South Bend, Ind., for appellee.

Before EVANS and FITZHENRY, Circuit Judges, and LINDLEY, District Judge.

FITZHENRY, Circuit Judge.

Appellee sued to recover on a contract of war risk term insurance on the ground that he became permanently and totally disabled on January 1, 1926. Appellant defended on the ground that the insurance had lapsed for failure to pay premium in November 1, 1926, and that appellee was not permanently and totally disabled on that date or at any time prior thereto so as to mature the policy. At the close of all the evidence, appellant moved for a directed verdict in its favor which was denied, the jury returned a verdict in favor of appellee, judgment was entered thereon, and this appeal was taken. The sole contested issue is whether there was any substantial evidence to show appellee became totally and permanently disabled at any time prior to November 1, 1926.

Harry Le Roy Krueger entered the military service of the United States of America on September 19, 1917, at the age of 25 years. He passed the regular physical examination and, prior to being honorably discharged on April 23, 1919, declared that he had no disability or impairment of health incurred in the military service. On December 1, 1917, there was issued to him war risk insurance in the amount of $10,000. After his discharge, he continued his payments on the insurance to October 1, 1926.

Appellee testified that several times during the period after his discharge and prior to October 1, 1926, he had been short of funds and had permitted his insurance to lapse and had then made applications for reinstatement, which were granted. Four of these applications were introduced in evidence. In the last of them, an application dated September 30, 1926, insured answered "No" to the question whether he was then permanently and totally disabled. This serves to cast some doubt upon the testimony of appellee that he was permanently disabled on and after January 1, 1926.

Further doubt is raised by the introduction of the work record of appellee. Since the time when appellee claims to have been totally and permanently disabled, he accepted employment with the Frigidaire Sales Corporation at Detroit, January, 1927, which position he held until December, 1929. While there was evidence that because of his health he was not able to work full time in this position, he received $150 a month for the first two months he was with the organization, then went on a commission basis, and during the last ten months of 1927 his gross receipts were $1,895.25. His net earnings were less because of certain expenses incident to the making of the sales. However, after making every reasonable deduction, his net earnings for 1927, 1928, and 1929, amounted to a substantial sum. In 1928 his gross income from sales was $2,666 and in 1929, $2,775.

Seven medical witnesses gave testimony for appellee. Dr. Harry E. Knight attended appellee professionally in 1921, at which time he diagnosed his complaint as secondary anemia, hypothyroidism, hypotension, and aortitis. He treated appellee for about four months. He did not see him again until November 16, 1927, a year after the policy had lapsed.

Dr. William A. Evans examined appellee in 1921 and made some X-rays. He testified that at that time the condition did not exist which at present renders appellee totally and permanently disabled.

Dr. Bruce Anderson attended appellee in October, 1925, and for some time thereafter. He found him to be suffering from anemia and some trouble which appeared to be caused by adhesions about the duodenum and the gall bladder. He did not regard appellee as totally and permanently disabled, but thought he should boost his resistance and, if he did not get well, undergo an operation.

The other four doctors did not examine appellee until 1930, four years after the insurance policy had lapsed. While their testimony leaves no question that insured is now totally and permanently disabled because of an aneurism of the aorta, syphilitic in origin, their testimony respecting the condition of appellee on November 1, 1926, is highly speculative and does not rise to the dignity of proof. United States v. Spaulding, 293 U. S. 498, 55 S. Ct. 273, 79 L. Ed. ——; Falbo v. United States (C. C. A.) 64 F.(2d) 948, affirmed 291 U. S. 646, 54 S. Ct. 456, 78 L. Ed. 1042.

Evidence which leaves to speculation and conjecture the degree of disability at the requisite time fails to meet the standard of proof required in these cases. United States v. Landrieux, 75 F.(2d) 536, decided by this court Jan. 29, 1935; Nicolay v. United States (C. C. A.) 51 F.(2d) 170; Eggen v. United States (C. C. A.) 58 F.(2d) 616. The District Court should have directed a verdict in favor of appellant.

Reversed.