## UNITED STATES v. BOOTH.

No. 5742.

Circuit Court of Appeals, Third Circuit.

July 26, 1935.

Horatio S. Dumbauld, U. S. Atty., and Stanley Granger, Asst. U. S. Atty., both of Pittsburgh, Pa.

Young M. Smith, Will G. Beardslee, Wilbur C. Pickett, and Randolph C. Shaw, all of Washington, D. C., and Charles G. Lane, Jr., of Pittsburgh, Pa., for appellee.

Before BUFFINGTON and THOMPSON, Circuit Judges, and JOHNSON, District Judge.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the Western District of Pennsylvania. The appellee brought suit to recover on a war risk insurance policy which insured him against total and permanent disability. The premiums were paid up to April 22, 1919, and thereafter were allowed to lapse. At the trial the appellant moved for a directed verdict on the ground that the appellee had failed to sustain the burden of proving that he had become totally and permanently disabled while the policy was in force. This was refused, and the case was submitted to the jury, which returned a verdict for the appellee.

In our opinion, the evidence produced by the appellee is insufficient to prove that he was totally and permanently disabled either before or after the lapse of the policy. The testimony is uncontradicted that the appellee pursued various gainful occupations up to the time of the suit. Although medical experts called by the appellee testified that he could not possibly pursue a gainful occupation because he had suffered total and permanent disability, the evidence clearly showed that the appellee did, in fact, pursue various gainful occupations. Applying the tests set forth in Lumbra v. United States, 290 U. S. 551, 54 S. Ct. 272, 78 L. Ed. 492, and United States v. Spaulding, 293 U. S. 498, 55 S. Ct. 273, 79 L. Ed. 617, we think the evidence was insufficient to sustain the verdict and judgment for the appellee and that the motion for a directed verdict should have been allowed.

The judgment of the court below is reversed.