UNITED STATES v. MURRAY.

No. 5898.

Circuit Court of Appeals, Third Circuit.

Jan. 23, 1936.

Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D.C., Wilbur C. Pickett and Randolph C. Shaw, Sp. Assts. to Atty. Gen., and Horatio S. Dumbauld, U. S. Atty., Stanley Granger, Asst. U. S. Atty., both of Pittsburgh, Pa., and Young Smith, of Washington, D. C., for the United States.

Guy B. Hoge, of Pittsburgh, Pa., for appellee.

Before DAVIS and THOMPSON, Circuit Judges and DICKINSON, District Judge.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the Western District of Pennsylvania. The appellee brought suit against the United States upon a war risk insurance policy which had been converted to term life insurance, alleging that he had become totally permanently disabled in May, 1931. The appellant denied that the appellee was then totally and permanently disabled. At the conclusion of the appellee's evidence, the appellant moved for a nonsuit, which was denied, and at the close of all the evidence it moved for a directed verdict, which was likewise denied. The

744

jury returned a verdict in favor of the appellee and judgment was entered thereon. The appellant assigns as error the refusal of the trial court to direct a verdict.

The question presented is whether there was any substantial evidence that the appellee was totally and permanently disabled in May, 1931. Section 13 of the War Risk Insurance Act of 1914, 38 Stat. 711, as added by Act Oct. 6, 1917, § 2, 40 Stat. 399, provides that the Director of the Bureau of War Risk Insurance shall have power to make rules and regulations. Pursuant to this authority there was promulgated Treasury Decision No. 20, which defines "total permanent disability" as follows:

"Any impairment of mind or body which renders it impossible for the disabled person to follow continuously any substantially gainful occupation shall be deemed, * * * to be total disability.

"Total disability shall be deemed to be permanent whenever it is founded upon conditions which render it reasonably certain that it will continue throughout the life of the person suffering from it. * *"

The evidence submitted by the appellee was that he became ill in May, 1931, and was confined to his house for eight months, during which period he was in bed for about a month and a half. The medical diagnosis was that the appellee suffered from incipient tuberculosis. The record discloses that subsequent to this illness he had worked at several jobs without interruption, and that by 1934 he had an arrested tubercular condition.

In innumerable cases in the several circuits it has been held that an arrested tubercular condition is not such as to be construed as total permanent disability within the meaning of Treasury Decision No. 20 and the clauses incorporated in war risk insurance policies. United States v. Messinger, 68 F.(2d) 234 (C.C.A.4); Falbo v. United States, 64 F.(2d) 948 (C.C.A.9), affirmed 291 U.S. 646, 54 S.Ct. 456, 78 L. Ed. 1042; United States v. McShane, 70 F.(2d) 991 (C.C.A.10), certiorari denied 293 U.S. 610, 55 S.Ct. 141, 79 L.Ed. 700. In Falbo v. United States, supra, the Ninth Circuit ruled that the trial court should have directed a verdict for the United States where the sole evidence relied upon by the assured to prove total permanent disability was that he was suffering from incipient tuberculosis. The court held that a finding by the jury that this ailment rendered the assured totally permanently disabled would be wholly speculative. This court in United States v. Booth, 79 F.(2d) 128, held that where the uncontradicted testimony was that the assured did in fact pursue various gainful occupations, although medical experts testified that he could not, it was error to permit the jury to find that the assured was totally permanently disabled. In that case we applied the tests set forth in Lumbra v. United States, 290 U.S. 551, 54 S.Ct. 272, 78 L.Ed. 492, and United States v. Spaulding, 293 U. S. 498, 55 S.Ct. 273, 79 L.Ed. 617. We think the law is well established in accordance with the above-cited decisions, and that the trial court should have directed a verdict for the appellant.

The judgment is reversed.