438

## UNITED STATES v. BOYETT.
### No. 8556.

Circuit Court of Appeals, Fifth Circuit.
Oct. 26, 1937.

Keith L. Seegmiller, Atty., Department of Justice, of Washington, D. C., Wilbur C. Pickett and Fendall Marbury, Sp. Assts. to Atty. Gen., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., and H. G. Rawls, Asst. U. S. Atty., of Macon, Ga.

Paul Blanchard and Roy S. Levinson, both of Columbus, Ga., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment on a verdict of the jury in favor of appellee as administratrix of the estate of Robert Douglas Holton, deceased, in an action on a policy of government insurance. Appellant relies for reversal on the refusal of the court to sustain its motion for a directed verdict.

Deceased contracted lobar pneumonia on January 31, 1934. During that illness an abscess developed on his lung, from which he never fully recovered. After this he was weak, emaciated, nervous, and hysterical; was constantly coughing and spitting up blood and pus; and suffered from general toxemia, severe pyorrhea, arthritis of the foot, and secondary syphilis presumptively arising from a primary infection originating prior to his attack of pneumonia. He undertook to have his teeth taken out, but because of his weakened condition could have only a few extracted at one time. Before much progress was made he suffered another attack of pneumonia and died on February 8, 1935.

■ Appellant admits that the insured was totally disabled from January 24, 1934, to March 31, 1934, on which latter date it appears that the policy lapsed for nonpayment of premiums unless the permanency of his disability was established. The period between these dates is thus the crucial time within which the verdict establishes totality and permanency, if there was sufficient evidence to warrant the court in submitting the case to the jury. Permanency, as defined in the policy, exists when the disability is founded upon conditions which render it reasonably certain that it will continue throughout the life of the insured.

■ In considering the motion for a directed verdict, the court must give the evidence that construction most favorable to the party against whom the motion is made, and, when so construed, if there is any substantial evidence upon which a jury might properly find for that party,

the motion should be denied. Lumbra v. United States, 290 U.S. 551, 54 S.Ct. 272, 78 L.Ed. 492; Carter v. United States (C.C.A.) 49 F.(2d) 221; Chesapeake & Ohio Ry. Co. v. Ringstaff (C.C.A.) 67 F. (2d) 482; Wood Lumber Co. v. Andersen (C.C.A.) 81 F.(2d) 161, 166; Equitable Life Assurance. Society v. Guiou (C.C.A.) 86 F.(2d) 865.

■ Although the deceased was totally disabled during the crucial period, appellant insists that the disability was not founded upon conditions which rendered it reasonably certain that it would continue throughout the life of the insured, and that in this respect the verdict is based on speculation and conjecture, without foundation in fact. It points to testimony of doctors appearing in the record that with reasonable care and treatment the deceased stood a fair chance of recovery, and argues that the subsequent death of the insured is not in itself proof of the permanency of his disability. In support of this contention appellant relies upon cases of which the following are illustrative: Falbo v. United States (C.C.A.) 64 F.(2d) 948; United States v. Bryan (C.C.A.) 82 F.(2d) 784; United States v. Walker (C.C.A.) 77 F.(2d) 415; United States v. Sandifer (C.C.A.) 76 F.(2d) 551; Eggen v. United States (C.C. A.) 58 F.(2d) 616. But in each of this line of cases there were periods between the onset of the disability and the point of unquestioned permanency when the insured appeared to have a reasonably good chance of recovery. Therefore, the ensuing death from the initial disability at a remote time did not prove permanency during the crucial period, or remove that question from the realm of speculation. These cases do not hold that the fact of death at a time beyond the crucial period is without evidential value. When death is not so remote from the beginning of the disability and the lapse of the insurance as to throw no substantial light on the condition of the insured between those dates, its occurrence may be valuable, in connection with other facts involved, to enable the jury to determine the issue of permanency with a fair degree of accuracy. The definition of totality and permanency written into the contract takes this situation into account.

■■ A conclusion that disability is permanent is not reasonably certain if it is based on speculation and conjecture, rather than on fact and experience; but, when the evidence would warrant a fair and reasonable man in concluding that totality and permanency existed during the crucial period, the issue is for the jury.

The judgment of the District Court is affirmed.