## McDONALD v. UNITED STATES.
### No. 8560.

Circuit Court of Appeals, Fifth Circuit.

Jan. 19, 1938.

John M. Coe and Philip D. Beall, both of Pensacola, Fla., for appellant.

George Earl Hoffman, of Pensacola, Fla., for the United States.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was on a converted war risk insurance policy. The claim was that before March 1, 1933, when his policy lapsed, appellant was stricken with active pulmonary tuberculosis, in such a state of advance and incurability as rendered him totally and permanently disabled.

The United States denied this, and, the evidence all in, obtained a favorable ruling on its motion for an instructed verdict. This appeal tests that ruling for error.

The case has this unusual feature: That, though appellant does not claim to have been totally and permanently disabled until January, 1933, in order to make out his case he made proof that as far back as June, 1921, "active pulmonary tuberculosis of the right apex moderately advanced" was discovered, and that from then on the disease has been active. He offered clinical records in the files of the Veterans' Bureau showing examination after examination, and finding after finding, at different dates, of tuberculosis, pulmonary, chronic; only one, on March 13, 1923, showing "far advanced active," while there was a report three days later, "moderately advanced." Thereafter the findings show chronic pulmonary tuberculosis, moderately advanced. There is no further finding of "far advanced"; all of the findings, as late as that of June 24, 1935, are "moderately advanced."

In addition to this evidence he offered testimony of a physician who had known plaintiff for many years; that he had examined him from time to time from 1923 to 1932, and on all of the occasions he found him suffering from active, pulmonary tuberculosis. This physician testified that at the last examination in 1932 or 1933 he found plaintiff unable to perform bodily work or labor without ill effects upon his health, but that with proper supervision and hospital care plaintiff could probably perform clerical duties if not too strenuous, with little or no effect upon his health. He testified, too, that he had seen the plaintiff in March, 1937; that he presented practically the same physical appearance he did at the time of the last examination; and that in his opinion his active tubercular condition has existed since he first saw plaintiff, in 1924.

Plaintiff argues from this continued activity of the disease that the condition of totality which he claims was arrived at by January, 1933, is thus shown to be not temporary and curable, but permanent and incurable. Appellee, on its part, argues from the same facts, supplemented by

proof of appellant's failure to accept and avail of proper hospitalization, and his more or less active life of work and responsibility, to a different conclusion. It insists that the fact that appellant, without hospitalizing himself, has been able to carry on through this long period with the disease never becoming more than moderately advanced, together with the fact that plaintiff continued at gainful employment, at various places from 1924 to 1933, and the fact that he was found on an examination conducted from March 26 to April 14, 1932, to be physically sound, except for minor disabilities, makes it perfectly clear that the District Judge was right in concluding that a verdict finding appellant totally and permanently disabled in January, 1933, would be without a reasonable basis to rest upon.

We agree with appellee. There is plenty of evidence that appellant's activities have been to an extent circumscribed by the disease which has for years afflicted him, and, if proof of partial disability changing in its intensity, and varying in its effects from time to time, but never reaching a condition of total and permanent disability, would satisfy his burden, he has fully discharged it. But this is all the evidence shows, and upon settled principles this is not enough.

Tuberculosis cases have given rise to apparently varied rulings in different circuits at different times, in the difficult effort to divide law from fact, and fact from law, attendant upon determining the propriety of granting or refusing motions for instructed verdicts. Earlier cases, upon an apparent assumption of incurability, took no account of the duty of the plaintiff to avail himself of care and cure. Later cases, beginning with United States v. Crume, 5 Cir., 54 F.2d 556; Eggen v. United States, 8 Cir., 58 F.2d 616; United States v. Rentfrow, 10 Cir., 60 F.2d 488; and Walters v. United States, 5 Cir., 63 F.2d 299, have made it clear that it is the duty of a person affected with incipient tuberculosis to take the necessary care to prevent its advance, and that neglect of the condition, and failure to take treatment, may completely destroy the probative value which might otherwise attach to its persistence in an active state. Cf. United States v. Horn, 4 Cir., 73 F.2d 770; United States v. Anderson, 4 Cir., 76 F.2d 337; United States v. Walker, 5 Cir., 77 F.2d 415, 418.

Deprived then by these considerations of the probative effect of the evidence as to the activity of the disease before the claimed lapsed date, and without evidence since that time of sufficient probative force to do more than conjecturally suggest that plaintiff may not, after sufficiently long-continued treatment, obtain an arrest, there is nothing firm on which to rest a jury verdict that he became totally and permanently disabled before the lapsed date.

The judgment of the trial court that no case was made out and that motion to direct should be given must be sustained. United States v. Vineyard, 5 Cir., 71 F.2d 624; Wise v. United States, 5 Cir., 63 F. 2d 307.

■ This view makes it unnecessary to consider in any detail appellant's claim of error in the ruling of the trial court, excluding the testimony of Dr. Harris: "It is my opinion that any active pulmonary tuberculosis case over a period of three years cannot recover to the extent of being able to carry on regularly in any laborious work satisfactorily"; for without this opinion no case was made out for the jury, that opinion could not have made one out, both because it was limited to laborious work, and because, a mere medical opinion, it could not supply the place of missing evidence. United States v. Spaulding, 293 U.S. 498, 55 S.Ct. 273, 79 L.Ed. 617.

We find no reversible error. The judgment is affirmed.