## HOSKINS v. UNITED STATES.
### No. 8866.

Circuit Court of Appeals, Fifth Circuit.
Dec. 15, 1938.

344

B. B. McClendon, of Jackson, Miss., for appellant.

Thomas E. Walsh and Young M. Smith, Attys., Department of Justice, both of Washington, D. C., and Wilbur C. Pickett, Sp. Asst. to the Atty. Gen., and Julius C. Martin, Director of Bureau of War Risk Litigation, of Washington, D. C., and Toxey Hall, U. S. Atty., and R. C. Russell, Atty., Department of Justice, both of Jackson, Miss.

Before FOSTER, SIBLEY, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

J. Milton Hoskins, appellant, brought suit against the United States, appellee, on a $10,000 converted Government life insurance policy. He paid premiums on the insurance policy until February, 1932. The policy then lapsed for nonpayment of premiums. In April, 1932 he effected a reinstatement of his policy and surrendered $8,000 of his insurance for its cash value. Appellant continued $2,000 of insurance with premiums paid to 1934. On September 5, 1932, he filed a claim for insurance benefits of $57.50 per month under the $10,000 policy, alleging total permanent disability while said policy was in effect. He claimed total permanent disability benefits from December, 1931.

The Veterans' Administration found that the insured became totally and permanently disabled on February 17, 1933, and awarded benefits under the $2,000 insurance in force on that date. The decision denied that Hoskins had become totally and permanently disabled at an earlier date, and the Government refused to pay him benefits under the original policy. Thereupon appellant brought suit on December 4, 1935 seeking permanent total disability benefits from December 1, 1931. The case was tried and at the close of the plaintiff's evidence the Court on motion gave a directed verdict for the Government. From the judgment entered on the directed verdict comes this appeal.

The evidence disclosed that Hoskins, a dentist, had trouble with his right leg for a number of years. This "leg trouble" was, among other things, caused by phlebitis and varicose veins. Various doctors testified and the medical testimony indicates that Hoskins' condition was aggravated by adherence to an occupation which required him to stand considerably. There is much evidence in the record to show that appellant's activities were limited from time to time by the disease or diseases which have afflicted him for years. This partial disability at times changed in its intensity and varied its effects.

At the time of the reinstatement of his policy for $2,000 in 1932, Hoskins represented and established that he was not totally and permanently disabled. From his own testimony it is revealed that he practiced his profession through 1932.

Hoskins failed to show total and permanent disability existing while the original policy was in full force and effect. When he ceased to pay his premiums the policy lapsed unless it had already matured by a then existing total and permanent disability. United States v. Brewer, 5 Cir., 97 F.2d 899.

For the plaintiff to recover in this case he must have shown a condition of total and permanent disability existing during the period of insurance protection. It must have also appeared reasonably certain that this disability would continue in all its totality throughout the lifetime of the insured. Eggen v. United States, 8 Cir., 58 F.2d 616; Wise v. United States, 5 Cir., 63 F.2d 307.

Plaintiff did show or establish that he was partially permanently disabled while the policy was in force. The partial permanent disability shown and the evidence supporting it did not establish the total permanent disability contemplated by the terms of the policy. "The burden was on petitioner not only to show the character and extent of his injury, but also to show that the result of the injury was to disable him

permanently from following any substantially gainful occupation." Miller v. United States, 294 U.S. 435, 440, 55 S.Ct. 440, 442, 79 L.Ed. 977.

The Government is not liable under the policy for a total permanent disability occurring subsequent to its lapse in 1932. This is true even though it be shown that the total and permanent disability was caused by conditions which arose or existed while the policy was in full force and effect. United States v. Baker et al., 4 Cir., 73 F.2d 455.

We have carefully considered all the evidence and are of opinion that the court was justified in directing a verdict for the Government.

The judgment is affirmed.