## CREWS et al. v. UNITED STATES.
### No. 6664.

Circuit Court of Appeals, Seventh Circuit.
Feb. 24, 1939.

Rehearing Denied April 1, 1939.

Rehearing denied; MAJOR, Circuit Judge, dissenting.

Stephen A. Cross, of Chicago, Ill., for appellants.

Keith L. Seegmiller, Julius C. Martin, Wilbur C. Pickett, and Young M. Smith, all of Washington, D. C., and Michael L. Igoe, U. S. Atty., William J. Campbell, and Wm. M. Lytle, all of Chicago, Ill., for the United States.

Before EVANS, S P A R K S, and MAJOR, Circuit Judges.

EVANS, Circuit Judge.

This action was brought by plaintiffs to recover on a war risk insurance policy issued to Flannell Smith, who enlisted in the United States service, August 1, 1918, was discharged, July 25, 1919, and died, June 18, 1921. His death was due to pulmonary tuberculosis, although during the latter part of his life he suffered from other serious afflictions.

Insured paid no premiums on his policy after his discharge in 1919. Plaintiffs, however, attempted to prove that the insured was totally and permanently disabled within the meaning of the policy from the date of his discharge until his death and was therefore excused from the payment of premiums.

This action was brought ten years after Smith's death and over twelve years after the discharge, the date when it was alleged by plaintiffs and denied by defendant, that he was totally and permanently disabled.

The evidence showed that the examination at the time of the discharge, as

486

well as the statement of the insured then made, negatived any physical disabilities. Following his discharge insured worked for two companies, Armour & Company and Produce Terminal Corporation, receiving full pay (fifty-three or fifty-four cents per hour) for nearly a year. Produce Terminal Corporation did not need him during the winter months, and during that season he worked for Armour & Company. As soon as Produce Terminal Corporation's business was resumed in the spring, he returned to work for several months and received full pay for full time work.

Several examinations were made by the Government physicians in the year 1920, one of which failed to disclose the existence of any pulmonary tuberculosis. However, on December 23, 1920, a careful examination disclosed that he was suffering from pulmonary tuberculosis far advanced, and it is a fair conclusion to be drawn therefrom that he had been afflicted with this disease for some time. Also, there was evidence to show that incipient or minimal tuberculosis is curable, with proper medical care and treatment, in ninety percent. of the cases; that where the patients have been thus treated and cured, they may engage in every occupation; that moderately-advanced cases of tuberculosis, with proper medical treatment, become arrested in fifty percent. of the cases; and that twenty-five percent. of the cases are arrested where the disease has become advanced before medical care or treatment is given.

The unavoidable conclusion from all the testimony is that insured was not suffering from this affliction when he enlisted; that he may have been suffering from pulmonary tuberculosis in its earlier stages when he was discharged from the service, although unknown to him; and that he contracted the disease some months, at least, before December, 1920.

In view of the numerous holdings of the various Federal courts that have passed on this question, to the effect that the existence of pulmonary tuberculosis does not of itself establish total and permanent disability (United States v. Landrieux, 7 Cir., 75 F.2d 536; Falbo v. United States, 9 Cir., 64 F.2d 948; certiorari denied, 291 U.S. 646, 54 S.Ct. 456, 78 L.Ed. 1042; Eggen v. U. S., 8 .Cir., 58 F.2d 616; United States v. Baker, 4 Cir., 73 F.2d 455; United States v. Middleton, 6 Cir., 81 F.2d 205; Robinson v. U. S., 2 Cir., 87 F.2d 343; U. S. v. Brewer, 5 Cir., 97 F.2d 899; U. S. v. Russian, 3 Cir., 73 F.2d 363; U. S. v. Stack, 4 Cir., 62 F.2d 1056; Nicolay v. U. S., 10 Cir., 51 F.2d 170), the District Court correctly concluded that it could not allow a verdict in plaintiffs' favor to stand, where neither the extent of the affliction nor the date when it originated is disclosed. In other words neither juries nor courts may speculate on either of these two matters. The burden was on plaintiffs to supply the proof which excused non-payment of premiums. The most that can be said of plaintiffs' proof in this respect is that deceased may have had tuberculosis when he was discharged from service and it may have then been incurable. Equally well does the evidence support the conjecture that he contracted the disease after his discharge and that it did not become serious until a year or more after the discharge.

Inasmuch as the court could not have allowed a verdict on such uncertainty to stand, it took the proper action in directing the jury to find in favor of defendant.

In this case there was first a trial on reference by an auditor. He found the plaintiffs had failed to establish total and permanent disability at the time of insured's discharge. While this finding might have increased the burden on plaintiffs had the case been submitted to the jury, we have wholly ignored it, as it does not affect the question before us, namely, the existence of a jury question.

The judgment is affirmed.