## FAIN v. UNITED STATES.

### No. 11867.

Circuit Court of Appeals, Eighth Circuit.

April 16, 1941.

D. K. Hawthorne, of Little Rock, Ark., for appellant.

Sam Rorex, U. S. Atty., of Little Rock, Ark., and Julius C. Martin, Director, Bureau of War Risk Litigation, Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Thomas E. Walsh, Attorney Department of Justice, all of Washington, D. C., for appellee.

Before WOODROUGH, JOHNSEN, and VAN VALKENBURGH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

This case comes before us a second time. On the last appeal a judgment in favor of appellant was reversed and remanded on the ground that "the evidence was insufficient to support the finding of the jury that the plaintiff was totally and permanently disabled at the time his contract of insurance lapsed. The government's motion for a directed verdict should have been sustained". United States v. Fain, 8 Cir., 103 F.2d 161, 164. The facts then before the court were well and fully stated in the opinion of Judge Thomas, and will not be repeated here. At the close of the retrial in the district court the government moved for a directed verdict for the defendant on the ground that there was no substantial testimony to show that the plaintiff was totally and permanently disabled at the time his policy of insurance lapsed for nonpayment of premiums June 30, 1922. The district court granted this motion, and this appeal from the resulting judgment followed.

In granting the motion for a directed verdict the trial court, among other things, said: "Practically all of the testimony that has been introduced in this trial is the same testimony that was introduced in the previous trial".

The additional evidence that might be said to be material was the testimony of Dr. H. S. Phipps, who did not testify at the former trial, and certain additional testimony of Dr. Torrence,—all medical testimony. An examination of this new evidence fails to meet the criticism of this

court on the former appeal. Neither of these physicians had knowledge of appellant's condition in 1922, nor did they undertake to locate this neurasthenic condition in that specific year. Dr. Phipps examined appellant in 1928; Dr. Torrence did not see him until 1927, and did not know anything about his condition in 1922.

As pointed out by Judge Thomas in the former opinion of this court, appellant frankly admitted that he did not consider himself totally and permanently disabled until some six years after the lapse of his policy. That action was not brought until November 11, 1932, or more than ten years after the date of policy lapse. 103 F.2d loc. cit. 164.

This case presents the persistent attempt to establish recovery where partial disability, after the lapse of years, may have developed into a total and permanent disability subsequent to policy lapse. This procedure has met with firm and consistent rejection in this Circuit, and generally. Such departure from policy provisions cannot be indulged to expand specific contractual obligations of the government. In Eggen v. United States, 8 Cir., 58 F.2d 616, 618, we said: "A policy of war risk insurance was a contract of insurance between the government and the insured. It was not a gratuity nor an arrangement for a pension. * * * If a policy lapsed, for nonpayment of premiums, before death or total permanent disability occurred, there could be no recovery under the policy".

See also, Stephenson v. United States, 8 Cir., 78 F.2d 355, 358, and Hoskins v. United States, 5 Cir., 100 F.2d 343, 344. In the latter case it was said: "The government was not liable under a converted government life policy for total and permanent disability occurring subsequent to lapse of policy, even though the disability may have been caused by conditions which arose or existed while policy was in full force and effect".

Here, a finding that the insured was permanently and totally disabled on June 30, 1922, or prior thereto, would not only be without substantial support in the evidence, but would necessarily be based, at best, solely upon speculation and conjecture. United States v. Baker, et al., 4 Cir., 73 F.2d 455.

As we said in our former opinion, the evidence tends to show that appellant was not in sound health on his return from the army. This may well indicate that his in-

disposition is of service origin sufficiently to entitle him to compensation. Concerning this we are unqualified to express opinion further than to state that such condition can have no effect to support recovery in this action under the policy of war risk insurance. The judgment is accordingly

Affirmed.