## UNITED STATES v. YOUNGER.
### No. 3473.

Circuit Court of Appeals, Fourth Circuit.

Oct. 3, 1933.

J. R. McCrary, U. S. Atty., of Greensboro, N. C. (E. E. Odom and John Mock, Attys., Veterans' Administration, both of Washington, D. C., on the brief), for the United States.

George K. Snow, of Mount Airy, N. C. (Warren E. Miller, of Washington, D. C., H. Woodward Winburn, of Greensboro, N. C., Miller & Bentley, and Marcellus McInnis, all of Washington, D. C., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

This is an appeal in a war risk insurance case in which there was verdict and judgment for the insured. The only question raised by the appeal is whether the evidence was sufficient to take the case to the jury on the issue of total and permanent disability. We do not think that it was.

Insured was discharged from the army in June, 1919. He married three weeks later and worked on the farm until 1925, when he moved to Winston-Salem and began working in a chair factory. He continued working in this factory until 1927, when for a while he drove a dairy wagon delivering milk. In 1928 he moved to Mount Airy and worked for a chair company for about a year. He was awarded vocational training in 1921 but did not take up the work. In 1920 he applied for insurance to the New York Life Insurance Company, and in 1925 applied for and obtained a policy of war risk insurance in the sum of $2,000. The records of the Huntley Furniture Company show that he drew wages from February, 1926, to August, 1927, at the rate of 32 cents per hour, receiving a total of $1,071.61. The records of the Mount Airy Chair Company show that he worked from August, 1928, to June, 1929, drawing wages at the rate of 25 cents per hour, and receiving a total in wages of approximately $500.

While the evidence shows that the health of the insured following his discharge from the army has not been good, there is no showing which, in the face of this work record, can justify the conclusion that at the time of his discharge he was totally and permanently disabled within the meaning of the policy. There was no evidence of any medical examination of the insured in the year 1919 except that given upon his discharge from the army which showed him to be in good condition. On October 16, 1920, he was examined and found to have chronic bronchitis, but the degree of vocational handicap resulting from this was found to be negligible. Early in 1921 he was examined and was found to have pulmonary tuberculosis in an inactive condition. Later in the same year, another physician diagnosed the disease as being active. In 1923 it was diagnosed as moderately advanced but quiescent; in 1924 by another physician as slightly active. In 1925 it was diagnosed as arrested. Subsequent X-ray examinations made in 1927, 1928, and 1932 indicated that the disease had remained in this arrested condition.

It is clear that in 1919 plaintiff had no disease which totally disabled him and that any disease from which he may have been suffering had not reached such stage that there was any reasonable certainty that it would continue throughout life. Under such circumstances, verdict should have been directed for the government. U. S. v. Diehl (C. C. A. 4th) 62 F.(2d) 343; U. S. v. Stack (C. C. A. 4th) 62 F.(2d) 1056; U. S. v. Rosborough (C. C. A. 4th) 62 F.(2d) 348; U. S. v. Thompson (C. C. A. 4th) 63 F.(2d) 111.

Reversed.