**UNITED STATES v. TOWNSEND et al.**

**No. 3730.**

Circuit Court of Appeals, Fourth Circuit.

Oct. 24, 1934.

Randolph C. Shaw, Sp. Asst. to Atty. Gen. (James O. Carr, U. S. Atty., of Wilmington, N. C., and Will G. Beardslee, Director, Bureau of War Risk Litigation, and Young M. Smith, Attorney, Department of Justice, both of Washington, D. C., on the brief), for the United States.

J. M. Broughton, of Raleigh, N. C. (E. G. Hobbs, of Selma, N. C., on the brief), for appellees.

Before NORTHCOTT and SOPER, Circuit Judges, and WATKINS, District Judge.

PER CURIAM.

The United States moved for a directed verdict in the District Court in this suit upon a contract of war risk insurance on the ground that the plaintiffs in that court had offered no substantial evidence tending to show that on February 1, 1919, when the policy lapsed for nonpayment of premiums, the insured was totally and permanently disabled. The insured was inducted in the Navy on July 22, 1918; discontinued the payment of premiums in January, 1919; was released to inactive service on August 8, 1919; and finally discharged from duty on September 30, 1921. He died on March 2, 1926. The suit was brought by the administrator of his estate and the beneficiary named in the policy of insurance on the ground that prior to the lapse of the policy, permanent and total disability existed.

In our opinion, the evidence is insufficient to support the verdict of the jury in the plaintiff's favor. Two associates of the insured in the Navy gave evidence tending to show that as early as November, 1918, he exhibited certain symptoms of pulmonary tuberculosis, and he was given treatment in the United States Naval Hospital. A physician examined him in the fall of 1919 and made a diagnosis of tuberculosis and testified in the case that a prescription of rest, diet, and fresh air was given, and that if the insured had followed the directions of the physician, he might have gotten well. Another physician examined the veteran in 1923, and found pulmonary tuberculosis, but saw him only the one time and did not treat him thereafter. The veteran died from this disease in 1926.

There is no other evidence in the record to show whether or not the veteran followed the advice of his physician or submitted to treatment of any kind. Indeed the record does not disclose anything to show the manner of life or occupation of the insured after he was discharged from the Navy. Hence it cannot be said that the plaintiffs met the burden of proof imposed upon them to show that a permanent and total disability existed

at the time of the lapse of the policy, and the case is ruled by the decision of the Supreme Court of the United States in Falbo v. United States, 291 U. S. 646, 54 S. Ct. 456, 78 L. Ed. 1042, in which the decision of the Circuit Court of Appeals for the Ninth Circuit was affirmed, 64 F.(2d) 948.

The judgment of the District Court is reversed.