## UNITED STATES v. ENNIS.
### No. 3725.

Circuit Court of Appeals, Fourth Circuit. Oct. 24, 1934.

Keith L. Seegmiller, Atty., Department of Justice (Carlisle W. Higgins, U. S. Atty., of Greensboro, N. C., Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., and Fendall Marbury, Sp. Asst. to Atty. Gen., on the brief), for the United States.

Lee Overman Gregory, of Salisbury, N. C. (C. L. Coggin, of Salisbury, N. C., on the brief), for appellee.

Before NORTHCOTT and SOPER, Circuit Judges, and WATKINS, District Judge.

PER CURIAM.

The only question for consideration in this suit to recover permanent and total disability benefits under a war risk insurance contract is whether the evidence before the District Court was sufficient to justify the submission of the case to the jury over the motion of the government for a directed verdict in its favor. The insured, having had some ten years' experience in the regular army, enlisted as a private during the World War on August 24, 1917, and in the following November was given a commission as a captain of infantry. He was discharged from the service on August 27, 1919, on which date the policy lapsed, unless such disability then existed. While in the service he suffered an injury to his spine, and was treated therefor, returning to duty in the following October. Years afterwards, an examination by a competent surgeon disclosed that there was dislocation and fracture of the fifth lumbar vertebra, which was attended by considerable suffering, and rendered it impossible for the veteran to engage in physical labor or in any occupation which required him to be constantly in either a sitting or standing position. Notwithstanding this disability, the veteran conducted a small lunch room for some ten months during the year 1919, and a pressing establishment for eight months during the year 1920, earning approximately $100 per month. His work in connection with these establishments was for the most part of a supervisory character, and nearly all of the physical work was done by assistants. Later on, in 1924 and 1925, he attempted vocational training without success.

In addition to the injury to his spine, the veteran manifested some symptoms of tuberculosis as early as 1920, and was treated at various hospitals for several months during each of the years 1922, 1923, and 1925. In 1922, he left the tubercular hospital without permission and contrary to the regulations, although he had signed a statement agreeing to abide thereby. Moreover, it is conceded that the tuberculosis was definitely arrested in the year 1925; and during the years 1925 and 1926 he again conducted a lunch room.

This evidence, while indicating definitely that the veteran was subject to certain disabilities, falls short of a showing that he was permanently and totally disabled when his policy lapsed in August, 1919. The physicians, who examined him and were acquainted with his deficiencies, made no statement that he was at any time permanently disabled from following a substantially gainful occupation, and the eminent surgeon who examined the spine stated that in his opinion an operation would in all probability effect a cure without running the risk of endangering his life. Many cases have been before the courts in which it has been held that the mere fact that the soldier was suffering from tuberculosis at the time of the lapse of the policy does not, without more, warrant a finding of total and permanent disability at that time. United States v. Diehl (C. C. A.) 62 F.(2d) 343. The only other circumstance in this case is the injury to the spine which, as we have seen, did not prevent the veteran from engaging in various business activities during the years subsequent to his discharge from the army.

The judgment of the District Court is reversed.