192

## WERTH v. UNITED STATES.
### No. 3751.

Circuit Court of Appeals, Fourth Circuit.

Jan. 16, 1935.

John A. Blakemore, of Abingdon, Va., and William H. Werth, of Tazewell, Va., for appellants.

F. S. Tavenner, Jr., Asst. U. S. Atty., of Woodstock, Va., and C. L. Dawson, Atty., Department of Justice, of Washington, D. C. (Joseph H. Chitwood, U. S. Atty., of Roanoke, Va., Will G. Beardslee, Director, Bureau of War Risk Litigation, of Wash-

ington, D. C., and Wilbur C. Pickett, Sp. Asst. to Atty. Gen., on the brief), for the United States.

Before NORTHCOTT and SOPER, Circuit Judges.

PER CURIAM.

This is a suit brought in the District Court of the United States for the Western District of Virginia, to recover on a war risk insurance policy issued to Hobart M. Werth. The case was tried in April, 1934, and resulted in a directed verdict for the defendant, upon which verdict the final judgment was entered. From this judgment this appeal was brought.

The original insurance contract covered the period from October 16, 1917, to August 1, 1919, when it lapsed, and the reinstated contract covered the period from December 26, 1919, to August 1, 1921, when it also lapsed. On motion of the defendant, the court required appellants to elect whether they would stand on the first or the second contract. Proper objection and exception was taken to this ruling of the court, and appellants elected to stand on the reinstated insurance contract.

An examination of the evidence leads us to the conclusion that the appellants did not meet the burden of proof imposed upon them to show that a permanent and total disability of the insured existed prior to the time of the lapse of the policy. U. S. v. Townsend, 73 F.(2d) 222, decided by this court October 24, 1934; Falbo v. United States (C. C. A.) 64 F.(2d) 948, affirmed 291 U. S. 646, 54 S. Ct. 456, 78 L. Ed. 1042. The testimony in the case showed that the veteran, after his discharge from the service and after the lapse of the reinstated policy, worked for a considerable period of time earning $100 per month and later $50 per month while, at the same time, running a farm of his own in California, and, while it was proven that he had what were termed "spells," there is no direct evidence as to his total physical disability until years after the lapse of the insurance. For a court to find, from the evidence here presented, that prior to August 1, 1921, the veteran was totally and permanently disabled, would be to enter the realms of speculation and make a "mere guess, unsupported by any substantial evidence." Blair v. United States (C. C. A.) 47 F.(2d) 109; Nicolay v. United States (C. C. A.) 51 F.(2d) 170; United States v. Diehl (C. C. A.) 62 F.(2d) 343;

Harris v. United States (C. C. A.) 70 F.(2d) 889.

■ The long time that elapsed before the suit was brought is also a circumstance to be considered. Lumbra v. United States, 290 U. S. 551, 54 S. Ct. 272, 78 L. Ed. 492.

■ In view of our conclusion as to the facts in the case, it is not necessary to discuss the point raised as to the requirement for an election, since, as there was not sufficient evidence to prove the total and permanent disability of the insured at any time before the date of the expiration of the last contract, appellants could not have been harmed by being put upon an election.

The court properly directed a verdict for the defendant, and the judgment is accordingly affirmed.