**UNITED STATES v. FARNSWORTH et al.,**
**and four other cases.**

**Nos. 3820–3822, 3830, 3832.**

Circuit Court of Appeals, Fourth Circuit.

April 12, 1935.

Wilbur C. Pickett and Fendall Marbury, Sp. Assts. to the Atty. Gen., Young M. Smith, Atty., Department of Justice, of Washington, D. C., and Bryce R. Holt, Asst. U. S. Atty., of Greensboro, N. C. (Carlisle W. Higgins, U. S. Atty., of Greensboro, N. C., Will G. Beardslee, Director, Bureau of War Risk Litigation and Armistead L. Boothe and Thomas E. Walsh, Attys., Department of Justice, all of Washington, D. C., and Randolph C. Shaw, Sp. Asst. to the Atty. Gen., on the briefs), for the United States.

George H. McNeill, of Washington, D. C. (McNeill & McNeill, of Washington, D. C., W. D. Austin, J. F. Jordan, of Wilkesboro, N. C., and Andrew H. Casey, of North Wilkesboro, N. C., on the briefs), for appellees Farnsworth, Canter, Hollar, and others.

Lee Overman Gregory, of Salisbury, N. C. (Charles L. Coggin, of Salisbury, N. C., on the brief), for appellees Sebastian and others.

H. C. Turner, of Albemarle, N. C., for appellee Barbee.

Before PARKER and NORTHCOTT, Circuit Judges, and WAY, District Judge.

PER CURIAM.

These are five war risk insurance cases in all of which verdicts should have been directed for the government. In four of them there is evidence from which the conclusion can be drawn that the persons insured were suffering from tuberculosis at the time of the lapse of the policies; but there is no evidence in any of these that, at the time of the lapse, the disease had reached such stage as to constitute total and permanent disability. In one of the cases the insured was shown to have been suffering from mitral stenosis when the policy lapsed; but there was no evidence that the disease was then totally disabling. In all of the cases, therefore, there was failure to establish that total and permanent disability at a time when the policy was in force which is requisite to a recovery under the policies. As pointed out in recent decisions of the Supreme Court, to justify recovery in cases where, as here, there has been long delay in instituting suit, the total and permanent

disability relied on must be clearly and definitely established and must not be left to conjecture and speculation. Lumbra v. United States, 290 U. S. 551, 54 S. Ct. 272, 78 L. Ed. 492; United States v. Spaulding, 293 U. S. 498, 55 S. Ct. 273, 79 L. Ed. ——; Miller v. United States, 55 S. Ct. 440, 79 L. Ed. ——.

▇ Under the applicable decisions of this court and of the Supreme Court, we think it clear that the government was entitled to a directed verdict in each case. As to the cases involving tuberculosis, see Falbo v. United States, 291 U. S. 646, 54 S. Ct. 456, 78 L. Ed. 1042, affirming (C. C. A.) 64 F.(2d) 948; United States v. Diehl (C. C. A. 4th) 62 F.(2d) 343; United States v. Stack (C. C. A. 4th) 62 F.(2d) 1056; Botts v. United States (C. C. A. 4th) 65 F.(2d) 1011; United States v. Younger (C. C. A. 4th) 67 F.(2d) 149; United States v. Townsend (C. C. A. 4th) 73 F.(2d) 222; Furbee v. United States (C. C. A. 4th) 73 F.(2d) 190, 191; United States v. Horn (C. C. A. 4th) 73 F.(2d) 770. As to the mitral stenosis case, which involves partial disability at the time of the lapse of the policy, see Lumbra v. United States, supra; United States v. Legg (C. C. A. 4th) 70 F.(2d) 106; United States v. Carper (C. C. A. 4th) 75 F.(2d) 191, and United States v. Thomas (C. C. A. 4th) 53 F.(2d) 192. It is clear that partial disability does not come within the terms of the policy even though resulting from a disease which, as it progresses, may later result in total disability. We note that, in all of the cases at bar, judgments were entered by the court below prior to the decisions of the Supreme Court in the Spaulding and Miller Cases, supra.

Reversed.