### GARVIN v. UNITED STATES.
### No. 4059.

Circuit Court of Appeals, Fourth Circuit.
Nov. 9, 1936.

Lewis L. Rishel, of Asheville, N.C., for appellant.

Young M. Smith, Atty., Department of Justice, of Washington, D. C. (Marcus Erwin, U. S. Atty., of Asheville, N. C., W. R. Francis, Asst. U. S. Atty., of Waynesville, N. C., W. M. Nicholson, Asst. U. S. Atty., of Lincolnton, N. C., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett and Randolph C. Shaw, Special Assts. to Atty. Gen., and Samuel Flatow, Sp. Atty., Department of Justice, of Washington, D. C., on the brief), for the United States.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

This is an appeal in a war risk insurance case in which verdict was directed for the government; and the only question which it presents is whether there was sufficient evidence of total and permanent disability during the period for which premiums were paid to take the case to the jury on that issue. We agree with the judge below that there was not.

Insured was unquestionably suffering from tuberculosis at the time that his policy lapsed; but there is no evidence which would justify the conclusion that at that time the disease had reached such stage as to constitute total and permanent disability. On the contrary, the medical record shows that the pulmonary tuberculosis from which insured was then suffering was subsequently arrested, and that, although tubercular infections later developed elsewhere in his body, these did not result in total disability. The physician introduced by him as an expert testified in the light of the medical record that he could "carry on" if there were "no sudden exertion" and no "excessive physical effort," and that he could engage in occupational activities "not requiring severe strain or excessive manual labor."

The work record of the insured supports this opinion of the expert. It appears that, during the 17 years which elapsed between his discharge from the Army and the trial in the court below, he had operated a small grocery store, had worked as clerk in a chain store, had operated a taxicab, had been secretary and treasurer of a bus company, occasionally driving some of the buses, had worked for a while as traveling salesman, and had operated a filling station and souvenir shop. He married in the year following his discharge from the Army; and at the time of the trial below he weighed 160 pounds, which was 20 pounds more than his weight at the time of his enlistment. Without analyzing the evidence in detail, it is sufficient to say that under well-settled principles it falls far short of making out a case of total and permanent disability. See United States v. Farnsworth (C.C.A.4th) 77 F.(2d) 91; United States v. Ennis (C.C.A.4th) 73 F.(2d) 310; United States v. Lancaster (C.C.A.4th) 70 F.(2d) 515; United States v. Younger (C.C.A.4th) 67 F.(2d) 149; Ivey v. United States (C.C.A.4th) 67 F.(2d) 204; United States v. Butler (C.C.A.4th) 62 F.(2d) 1083; United States v. Diehl (C.C.A.4th) 62 F.(2d) 343; United States v. Rosborough (C.C.A.4th) 62 F.(2d) 348; United States v. Harrison (C.C.A.4th) 49 F.(2d) 227.

Affirmed.