## UNITED STATES v. WIGGIN.

### No. 4094.

Circuit Court of Appeals, Fourth Circuit.

April 6, 1937.

Robert E. Wilson, Atty., Department of Justice, of Columbia, S. C. (Claud N. Sapp, U. S. Atty., of Columbia, S. C., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to the Atty. Gen., and Young M. Smith, Atty., Department of Justice, of Washington, D C., on the brief), for the United States.

John W. Crews, of Columbia, S. C., for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

This is a suit on a converted policy of war risk insurance which was kept in force by the payment of premiums until February 5, 1931. The only question raised by the appeal is whether there was sufficient evidence that plaintiff was totally and permanently disabled on that date to carry the case to the jury. We do not think that there was. There is evidence which justifies the conclusion that on that date and prior thereto plaintiff was suffering from visceroptosis, or falling of the organs of the abdominal cavity, and also from hypothyroidism, and that these, together with injury to a foot which he sustained while serving in the Navy, resulted in partial disability; but there is no evidence to justify the conclusion that at the time of the lapse of the policy the disability had become total or that it was of such character that it could not have been relieved by proper treatment. On the contrary, it appears that plaintiff worked as foreman of a print shop with a printing company of which he was vice president until the fall of 1931, at a salary of $225 per month; that during the winter of 1932-1933 he was engaged with another in the operation of a printing company, which they sold in the spring of 1933; and that, from April, 1933, until December, 1934, he worked for another printing company, making about half time and earning an average of around twenty-two or twenty-three dollars per week. While the plaintiff testified that he quit work in the fall of 1931 because he was unable to work, there is no evidence that his condition, even at that time, could not have been relieved by proper treatment, and no evidence that his subsequent employment was fraught with danger to his health. Under the circumstances, the government's motion for a directed verdict should have been granted. Mikell v. United States (C.C.A.4th) 64 F.(2d) 301, 303; United States v. Farnsworth (C.C.A.4th) 77 F.(2d) 91; Boone v. United States (C.C.A.4th) 79 F.(2d) 702; United States v. Derrick (C.C.A.4th) 83 F.(2d) 99. The judgment appealed from will accordingly be reversed.

Reversed.