### HARRELSON v. UNITED STATES.
No. 4217.

Circuit Court of Appeals, Fourth Circuit.
Jan. 4, 1938.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

W. H. Muller, of Dillon, S. C. (Gibson & Muller and N. B. Hargrove, all of Dillon, S. C., on the brief), for appellant.

Robert E. Wilson, Atty., Department of Justice, of Washington, D. C. (Claud N. Sapp, U. S. Atty., of Columbia, S. C., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to the Atty. Gen., and Kenneth E. Spencer, Atty., Department of Justice, of Washington, D. C., on the brief), for the United States.

## NORTHCOTT, Circuit Judge.

This is an action at law instituted in the District Court of the United States for the Eastern District of South Carolina, in January, 1933, by Earnest V. Harrelson, the appellant, here referred to as the plaintiff, against the United States of America, here referred to as the defendant. The object of the action was to recover on a war risk insurance policy issued to the plaintiff while he was in the United States Army. A trial was had before a jury at Florence, in said district, in May, 1937. At the conclusion of the evidence the attorneys for the defendant moved the court for a directed verdict, which motion the court granted and entered an order dismissing the complaint, at the cost of the plaintiff. From this action of the court below this appeal was brought.

The plaintiff, an unskilled farm laborer with a scant education, served in the United States Army from July 23, 1918 to May 31, 1919, serving overseas. After the armistice, he was sent with the army of occupation into Germany, where he became ill, had pneumonia, and developed an abscess in one of his lungs. One of his ribs was taken out in order to drain the abscess. He was in various hospitals overseas and also after he was returned home. The veteran was totally disabled at the time of his discharge from the army. His lung was still being drained, and this condition continued until the time of the trial.

While in the service the plaintiff was issued a war risk insurance policy in the sum of $10,000, payable in the event of total and permanent disability. This policy remained in force until July 31, 1919.

Shortly after his return home his condition became worse and he developed an active case of tuberculosis. He was sent to hospitals and the tuberculosis finally became arrested, but his physical condition remained bad.

From time to time the plaintiff endeavored to work at various occupations, but a reading of the evidence leaves the impression that these efforts to work were unsuccessful and rather pitiful in their nature.

The only question involved on the appeal is whether there was sufficient evidence of the plaintiff's total and permanent disability, during the time the insurance policy was in effect, to justify the jury in returning a verdict in favor of the plaintiff.

A careful consideration of the evidence convinces us that the evidence was sufficient to take the case to the jury. The trial judge, in passing on the motion to direct the verdict, said: "I think it may be conceded here that when this contract was in force the plaintiff was totally disabled." The evidence was sufficient, if believed by the jury, to prove that this condition was never changed in any great degree up to the time of the trial, and this fact is substantial proof that the total disability that existed during the life of the policy was permanent.

"The phrase 'total permanent disability' is to be construed reasonably and having regard to the circumstances of each case." Lumbra v. United States, 290 U.S. 551, 54 S.Ct. 272, 275, 78 L.Ed. 492.

184

■ While the principle is well established in this circuit that a case of arrested tuberculosis, standing alone, is not sufficient proof of total and permanent disability (Garvin v. United States, 4 Cir., 86 F.2d 325, and authorities cited), here there is proof of other physical conditions that do show that the plaintiff's disability was permanent.

■ The plaintiff's efforts to work, while to be commended, were not successful, and therefore should not be held to weigh against him. Carter v. United States, 4 Cir., 49 F.2d 221. He certainly was never able to "continuously pursue a substantially gainful occupation."

The case of United States v. Messinger, 4 Cir., 68 F.2d 234, seems, as to the facts, in point with the case here, and without going any further into a detailed analysis of the evidence it is our opinion that the case should have been, under the evidence appearing in the record before us, submitted to the jury. As we held in Garrison v. United States, 4 Cir., 62 F.2d 41, we do not mean that on a retrial the plaintiff must necessarily recover as then a different case may be presented.

The judgment of the court below is reversed and the cause remanded for a retrial.

Reversed.