**RHOADES, INCORPORATED, Plaintiff,**

v.

**UNITED AIR LINES, INC., Defendant,**

v.

**PENNSYLVANIA RAILROAD COMPANY, Third-Party Defendant.**

**Civ. A. No. 61–698.**

United States District Court
W. D. Pennsylvania.

Dec. 12, 1963.

Gilbert E. Morcroft, Pittsburgh, Pa., for plaintiff.

H. A. Robinson, Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., for defendant.

A. F. Mahler, Pittsburgh, Pa., for third-party defendant.

ROSENBERG, District Judge.

The parties to this action have presented motions, after jury determination, which can be disposed of here together.

On October 6, 1961, the plaintiff, Rhoades, Incorporated, brought an action against the defendant, United Air Lines, Inc., to recover damages for an airboat destroyed in transit.

Its airboat was a motorized, bicycle-like device which generated air under a large bowl-like skirt. The air escaped from beneath the rim of the bowl-like covering, thus causing the entire device to remain suspended or lifted several inches above the ground. The operator by directional leaning caused it to move and turn as he chose. The airboat was built by the plaintiff.

There was no showing of any useful purpose. Neither was there any showing of marketability. However, there was a showing that the airboat was used for demonstrations both in this country and abroad. In fact, it was after it had been demonstrated in Los Angeles, California, that the airboat was shipped to Pittsburgh by way of defendant carrier and transferred by the defendant to the Pennsylvania Railroad Company, the third-party defendant, for the final leg of its transportation from Cleveland to Pittsburgh.

The plaintiff received no shipment receipt at Los Angeles but asserted that it had declared the value of the airboat as $15,000. United denied this and maintained it was shipped without any declaration and at its minimum charge for

which its liability limit under defendant's air bill of lading was $1080.00. The plaintiff contended that the airboat was in good condition when shipped, and that when called by Pennsylvania Railroad to arrange to receive the airboat at Irwin, Pennsylvania, near Pittsburgh, it was damaged.

United presented evidence that it was in good condition when the airboat was turned over to the Pennsylvania Railroad at Cleveland. Pennsylvania Railroad presented evidence that it was damaged when it was received at Cleveland.

The jury was presented, and it answered, four interrogatories as follows:

"Interrogatory No. 1. Did the defendant, United Air Lines, at Los Angeles, California accept plaintiff, Rhoades, Inc., airboat for shipment to Pittsburgh, Pennsylvania without at that time and place issuing a receipt air bill or bill of lading to the plaintiff for such airboat shipment?
The answer: Yes.

"Interrogatory No. 2. State the amount of total damages caused to the airboat while in transit from Los Angeles, California to Irwin, Pennsylvania. The answer: $7500.

"Interrogatory No. 3. State the amount of money damage the plaintiff, Rhoades, Inc., is entitled to from the defendant, United Air Lines. The answer: $7500.

"Interrogatory No. 4. State the amount of money damages the defendant and third-party plaintiff, United Air Lines, is entitled to, if any, from the third-party defendant, Pennsylvania Railroad Company.
The answer: None."

Neither the plaintiff nor the defendant requested corrections or additions to the instructions after these were given to the jury. After the jury answered the interrogatories, judgment was entered in favor of the plaintiff and against the defendant in the sum of $7500 and for the third-party defendant and against the third-party plaintiff.

The plaintiff filed a motion under Federal Rules of Civil Procedure 59(e) which provides for the filing of motions to alter or amend judgments within ten days after the entry of judgment. It contends that it introduced affirmative and uncontradicted evidence which established its damages in the amount of $15,000; that the defendant also admitted during the trial of the case that these were the actual damages suffered by the plaintiff; and, that the defendant's entire case rested upon the contention that its liability was limited by the amount specifically declared in the air bill of lading, which purported to cover and accompany this particular shipment, or in the alternative, actual damages in the amount of $15,000.

It contends that the jury had been presented with the question of either the limited liability as maintained by the defendant or the liability as maintained by the plaintiff—that the jury's function was only to determine the question of liability as testified to by the plaintiff in the sum of $15,000 or to the amount of $1080 as testified to by the defendant. It argues further that when the jury found against the defendant's limited liability, it expressly rejected that alternative finding to that offered by the plaintiff, and that under these circumstances there was no question of any other amount for the jury's determination. Therefore, it contends since there is no issue as to the damages after the jury's determination, the Court should alter or amend the judgment so as to allow the damages as actually proven during the trial of the case in the sum of $15,000, or alternatively, grant a new trial limited to damages.

The defendant, United Air Lines, also filed a motion for a new trial as to the third-party defendant, Pennsylvania Railroad, alleging that the verdict was against the weight of the credible evidence as to which carrier caused the damages to the airboat. The defendant also claims in its motion for new trial that the Court erred in failing to charge the jury with sufficient specificity as to the legal effect of the air bill of lading

executed by the plaintiff and defendant, and further that the Court failed to sufficiently instruct the jury on the governing tariff provisions involved and as to the valuation of the airboat.

I shall first treat the defendant's motion for a new trial. United complains that the evidence conclusively established that the airboat owned by the plaintiff was received by it in apparently good condition and delivered over to the third-party defendant railroad in the same good condition. It argues that if it had not been in good condition, the defects, as claimed by the plaintiff would have been so obvious at the time of transfer to the third-party defendant railroad, that they would have been noted on the receipt by the third-party defendant previous to its acceptance of the machine for the final part of the journey. This argument is only lately advanced.

■■ There is no merit to this contention of the defendant since it overlooks the very convincing and detailed evidence offered by the third-party defendant's many witnesses, as opposed to United's, that when the airboat was received from United at Cleveland and transferred to its railroad car, it was considerably damaged and dirty. This then became a question of fact for the jury's consideration and determination. It is obvious that the jury accepted the testimony offered by the railroad and rejected the testimony offered by defendant United.

As trial judge, I cannot say that the jury's verdict is erroneous, because the verdict is supported by amply substantial evidence.

■ The defendant also contends that the Court erred in permitting the introduction of oral testimony as to the airboat's valuation and rejecting evidence of market value. The airboat involved here was one of a kind. It was, if anything, a unique contrivance. It had no known application as a utility. It was built for demonstration and not for sale or resale. It had no market value, and there was no showing or offer to show that it had a market value or that it could have a market value. The plaintiff presented evidence of the roughly approximate cost of its construction, of its application in demonstrations abroad and in this country, and of its own estimate of value as of the time of shipment. Where personal property is without market value, evidence as to cost or other considerations affecting its valuation, real or intrinsic, are admissible to establish value. 20 Am.Jur. § 372, Evidence, page 339. Where there is the destruction of personal property without a market value, it does not mean the property is valueless and that damages cannot be recovered by the plaintiff. It is entitled to damages based upon its special value to the plaintiff. Szekely v. Eagle Lion Films, D.C., 140 F.Supp. 843, 849 (1956); Restatement of Law, Torts, § 911.

■ The defendant also now complains that the Court inadequately or erroneously instructed the jury concerning the law governing the issuance of the statutory tariff provisions involved in this case, and the facts connected therewith. The evidence reveals that the plaintiff offered testimony that the defendant had accepted the airboat without issuing an air bill of lading upon which there was or should have been a notation of value. The defendant offered evidence that such a receipt had been turned over to a person, but failed to show the connection between that person and the plaintiff as of the time when accepting the airboat in California. The jury was detailedly instructed on the facts and the law, tariffs and bills of lading as required by law and as they applied to a carrier in interstate commerce. In addition, the jury was adequately instructed on contracts. Further, special interrogatories were specifically explained to the jury in order to enable the jury to intelligently answer these interrogatories. There was not the slightest doubt in the minds of counsel or this Court that the jury understood the issues, and that its findings were intelligently made. All three counsel appeared quite satisfied with the instructions as given before the jury was

sent out for deliberations. When counsel were requested to make any comments or suggestions, counsel for all three parties indicated satisfaction with the Court's instructions to the jury. It is rather late to make them after the jury returned its determinations.

As for the plaintiff's objection to the jury's verdict of $7500, it filed a motion to alter or amend the judgment or in the alternative to grant a new trial limited to recovery of damages. It is noticable that the question was raised for the first time after the jury had answered the interrogatories and made an award.

■ Did the plaintiff incontrovertibly establish the value of the airboat in the amount of $15,000 so as to deprive the jury of any right of determination thereon? Ordinarily, the question as to damages is for the jury. The plaintiff, however, argues that this is not within that class of cases because the jury was required to find either in the precise amount of the limited damage liability against the air carrier for $1080, or for the amount of $15,000 as the undisputed evidence was presented by the plaintiff. It bases its argument upon these points: first, that the plaintiff introduced affirmative evidence which was not denied by the defendant; second, that the defendant conducted no cross-examination as to the value of the airboat; third, that the defendant offered no affirmative testimony as to the value; and fourth, that the defendant virtually admitted to the jury that the plaintiff was entitled to either $1080 or the amount of $15,750.

While the record reveals that the defendant neither substantially cross-examined, nor offered affirmative testimony on the plaintiff's valuation of $15,750, there is evidence in the record which was for the jury to consider and determine as to the amount of damages which the plaintiff had suffered and for which it was entitled to an award. While, also there may have been some reference in the discussion by counsel for the defendant as to the alternative amounts which the plaintiff might have been entitled to, it was not of such character as could or

would commit the jury to such finality as the plaintiff contends. Neither do the pleadings or the pretrial pleadings help the plaintiff in its theory.

The question still arises, however, whether the jury must accept the value of the airboat as established by the plaintiff where defendant United failed to introduce any affirmative evidence either by direct or cross-examination contradicting the testimony of the plaintiff.

■ In order for this Court to set aside or alter the verdict of the jury and enter a judgment for the amount claimed by the plaintiff, there must have been presented concise and unequivocal testimony as to the value of the personalty involved so as to avoid a genuine factual issue as to the amount of recoverable damages.

It was the plaintiff's evidence that the airboat was an unique machine, one of a kind, built for demonstration and not for sale or resale. After reviewing the record, there can be no question that the airboat was for its owner an unique object and it is obvious that this individuality had no such value as could be ascertained by public appraisal.

In presenting its case, the plaintiff did not specifically introduce testimony establishing a fixed value for the airboat. Rather, the plaintiff sought to have the jury believe that it was entitled to an amount less than in its opinion was the real value of the machine. The value of the machine came to the jury by way of evidence, but it was not of a precise, specific, plain and unambiguous character. The plaintiff testified through its president, that it would "ask" to receive the sum of $15,000, not because this was the valuation, but because Mr. Rhoades, Jr., at the time of shipping had indicated to the defendant, United Air Lines, in California that its value was $15,750. Then the testimony of Mr. Rhoades, Sr., was that the value of the airboat was "in excess of $17,400". The jury also heard the evidence that the airboat cost between $35,000 and $40,000 to build. There was the evidence that the airboat had been used, but there was no evidence

as to the loss of value because of depreciation. There was some inconsistency in the evidence of Mr. Rhoades, Sr., who said that the plaintiff would "ask" for $15,000 because Mr. Rhoades, Jr., had indicated this to United's agent in California, while in fact Mr. Rhoades, Jr., had informed the agent that the value of the airboat was between $15,000 and $30,000, but that when the agent requested him to specifically assign a declared value to the airboat, he agreed to have it in the sum of $15,750—not $15,-000.

The plaintiff now asks that the jury's verdict of $7500 be molded to a rounded $15,000. But why $15,000? Because the plaintiff's witness, Mr. Rhoades, Sr., said that he was "asking" the sum of $15,000. Would such expression (in evidence) of "asking" by plaintiff's president work a mandate upon the jury and preclude it from using its own judgment of evaluation? To support its $15,000 claim, the plaintiff argues in effect incontrovertibility of its demand and offers Devine v. Patteson, 6 Cir., 242 F.2d 828 (1957). But this does not help the plaintiff. Here a claim was based upon malicious prosecution and the compensatory damages shown were for traveling and attorney fees in a definite sum. The jury allowed compensatory damages in a lesser amount than these. It was held that the compensatory damages were definitely ascertainable, and there was no question of judgment left for the jury. This is distinguishable from the present case because of the multiple amounts in evidence from which the jury was required to weigh the damages in accordance with the principles of law as we shall see. There was no out and out definite specific amount (except the settling amount) which the witness, Rhoades, Sr., conveyed as a satisfactory substitute of the actual damages. This, too, is distinguishable from the Pennsylvania cases which hold that medical bills, hospital bills and the like when ascertained in evidence are compensable specifically. Krusinski v. Chioda, 394 Pa. 90, 145 A.2d 681 (1958); Keefer v. Byers, 398 Pa. 447, 456, 159 A.2d 477 (1960). However, there is also authority in Pennsylvania where the jury has been permitted to disregard even evidence of specific amounts for doctor bills and the like and allow a "compromise" verdict where a verdict is substantial and the question of negligence and contributory negligence is open or doubtful. Karcesky v. Laria, 382 Pa. 227, 114 A.2d 150 (1955).

The jury had before it in this case the evidence of $15,000 loss and evidence of $35,000 and $40,000. It had before it the value of $15,750. It had before it the value in excess of $17,400 and it had evidence of diminished unascertained value of use and depreciation. It had also evidence of liability entitlement by the plaintiff to the sum of $1080. It was for the jury to make a determination of what the true facts were. It had to review all of the evidence in this case in order to arrive at its decision.

If there had been any direction by the trial judge to the jury to ignore those portions of the evidence which it had heard of figures other than the two sums of $1080 and $15,000, then a portion of the testimony would have effectively been wiped out of existence, but this testimony was before the jury and it had a right, and in fact was required to consider all of the evidence in arriving at a final determination. While it appears obvious that the jury did not believe the defendant's testimony of limited liability, it is also as obvious that the jury did not believe the plaintiff's evidence of value, and I have not the slightest doubt that there is sufficient evidence on the record to support the jury's finding in this connection. A trial judge should only rarely and reluctantly disturb a jury's finding. Rice v. Union Pacific Railroad Co., 82 F.Supp. 1002, 1006 (D.C.Neb., 1949).

This is a case in which answers to interrogatories and the final determination of the case were for the jury. It had both the right and the duty to evaluate the evidence as a whole and to consider, among other things, the manner

and appearance of the witnesses on the stand and the probability or lack of probability of their testimony. This right could not have been taken away from the jury. Garvin v. United States, 86 F.2d 325 (Cir. 4, 1936). It was for the jury to weigh the evidence in this case and consider the credibility of the witnesses and to accept their evidence as true or untrue. Elzig v. Gudwangen, 91 F.2d 434, 440, (Cir. 8, 1937).

The testimony as presented to the jury was not specific and definite. It was more of the character of opinion evidence. As such, it was for the jury to consider such evidence in arriving at the true value. Peoples Loan & Finance Corp. v. Halbeisen Motors Co., 5 Cir., 271 F.2d 538. Particularly is this true when the plaintiff, itself, was not impressive in conveying completely credible evidence of value. It is clear that a jury is permitted to disregard uncontradicted evidence of interested persons if the testimony produced lacked credibility. Quon v. Niagara Fire Insurance Co. of New York, 190 F.2d 257 (Cir. 9, 1951).

The second part of the plaintiff's motion that a new trial be granted for the resubmission of the question of value to the jury in my opinion merits no consideration. This is such a case as appears to be bound up from beginning to end in the credibility of the witnesses in the various phases of this case. The liability of the defendant, the liability of the third-party defendant, the limited liability of the defendant, the condition of the machine and its use as related to limited liability were questions of fact so tied up with each other as to have required giving the jury a full observation of all the witnesses and the evidence as a whole. The question of value as testified by the plaintiff's witnesses was interconnected with the question of liability to the plaintiff. The jury's evaluation of the true facts depended upon all of the evidence as a whole. To say that it was wrong in one part as to damages, I must say that it was wrong as to both damages and liability. I cannot do that. Neither can I divorce these parts and believe that one part will be better tried by itself. It would be like playing only one-half of a complete phonograph record. To re-submit the question of damages alone at a new trial, in my opinion, would not be just. Furthermore, there is no reason why the question of damages should be re-submitted.

For all of these reasons, the various motions will be denied.