Robert STARK, Plaintiff,

v.

PHOTO RESEARCHERS, INC.,
Defendant.

No. 76 Civ. 5306.

United States District Court,
S. D. New York.

Nov. 3, 1977.

---

Burke & Burke, Daniels, Leighton & Reid by James M. Estabrook, New York City, for plaintiff.

Robert M. Cavallo, New York City, for defendant.

## MEMORANDUM

IRVING BEN COOPER, District Judge.

The defendant has moved pursuant to Rule 37(a) of the Federal Rules of Civil Procedure for an order compelling the plaintiff to produce documents sought in discovery. After careful consideration of the plaintiff's objections, we direct that plaintiff comply with the defendant's requests for production of documents as modified by this decision.

■ The plaintiff, a professional artist and photographer, deposited with the defendant a large quantity of 35 mm transparencies ("slides") on August 11, 1969. (See plaintiff's Memorandum dated July 19, 1977, p. 14).[1] The defendant, described by plaintiff as a "broker of photographs," selected a portion of the slides it wanted for its files and returned the rest. For the slides it retained, the defendant gave plaintiff a receipt identifying each slide by a number and its subject.

As a "broker of photographs," defendant exhibited plaintiff's slides along with the work of other photographers to editors and other prospective users of photographs. When a photograph or slide was sold, a portion of the purchase price was sent to the artist owning the photograph.

Some time after depositing his slides with defendant (no date is provided in the papers of file) the plaintiff demanded the return of his slides. The defendant returned all but 73 of plaintiff's slides. (See plaintiff's answer to defendant's Interrogatory No. 2). Plaintiff claims the value of the 73 unreturned slides is $18,250; however, he seeks total damages of $15,150. (Plaintiff's Memo, *supra*, p. 10).

On or about May 4, 1977, the defendant served upon plaintiff a Request for Production of Documents. Plaintiff objected to certain requests and refused to comply with them. Defendant thereupon has moved to compel plaintiff to produce the documents requested.

Rule 34, Fed.R.Civ.Pro., allows any party to litigation to inspect and copy documents (including writings, graphs, charts, photographs, phono-records, etc.) which are in the possession, custody or control of another party. The scope of discovery permitted is broad as defined by Rule 26(b)(1), Fed.R. Civ.Pro.: "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action."

■ Further, the fact that the information sought will be inadmissible at trial is of no moment if the information appears reasonably calculated to lead to the discovery of admissible evidence. "Good cause" for discovery of documents is no longer necessary. See *Advisory Committee's · Explanatory Statement Concerning 1970 Amendments of the Discovery Rule.* Given the liberal spirit behind the Discovery Rules, discovery should be permitted to accomplish full disclosure of relevant facts, eliminate surprise and promote settlement. *Crowe v. Chesapeake & O. Ry. Co.*, 29 F.R.D. 148, 150–151 (E.D.Mich.1961).

■ We turn now to a consideration of the requests objected to by the plaintiff. Defendant seeks in Request for Production ("Request") No. 3 documents "relating to the cost of taking the original photographs." The information sought is clearly relevant. Plaintiff is seeking damages and thus documents pertaining to the calculation of costs incurred in taking the original photographs are germane. *FMC Corporation v. Daybrook-Ottawa Corporation*, 254 F.Supp. 242 (N.D.Ohio 1966); *Wamsley v. Atlas S.S. Co.*, 50 App.Div. 199, 63 N.Y.S. 761, *rev'd on other grounds*, 168 N.Y. 533, 61 N.E. 896 (1901); *Sarkesian v. Cedric Chase Photographic Laboratories, Inc.*, 324 Mass. 620, 87 N.E.2d 745 (1949). Since a substantial question exists as to whether defendant's slides have a market value, indicia of value wherever available are relevant. *Standard Oil Co. v. Southern Pacific Co.*, 268 U.S. 146, 45 S.Ct. 465, 69 L.Ed. 890 (1925); *Baltimore & Ohio Co. v. Becker Milling Machine Co.*, 272 F. 933 (7th Cir. 1921); *Rhoades, Inc. v. United Airlines, Inc.*, 224 F.Supp. 341 (W.D.Pa.1963).

■ Defendant's Request No. 4 seeks documents "relating to any communication between plaintiff and defendant prior to the date of the commencement of this ac-

---

1. We take judicial notice of the fact that slides are positives. That is, unlike prints, they are not made from negatives, but are in fact the "negatives." Thus, unless the plaintiff made copies of the slides he deposited with defend-

ant, there are no existing negatives (from which prints could be made) of the photographs which are the subject of this action. Aaron Sussman, *The Amateur Photographer Handbook* (1973), pp. 121, 142, 386.

tion." The plaintiff has refused to comply stating that it calls for matter not relevant to the subject matter involved in this action. We cannot agree. The correspondence is clearly relevant in the following respects: it clarifies the understanding between the parties; it identifies the unreturned slides; it establishes when the plaintiff made the first demand for their return (see defendant's Request No. 13); and it is probative of when it first became apparent that defendant was unable to return the slides. (See Defendant's Affirmance, p. 5).

■ Defendant's Request No. 6 seeks documents "relating to the sale or license of any similars or duplicates of the transparencies or prints which are the subject matter of this action." The plaintiff concedes he does have a number of slides which are generally similar to those not returned by defendant, but he objects to making a comparison between transparencies he has and transparencies he does not have. Further, plaintiff objects to the terms "similars or duplicates" as vague and ambiguous. Clearly, the sale price of comparable slides will aid the fact-finder in the determination of plaintiff's damages. *State v. Hobart*, 5 Wash.App. 469, 487 F.2d 635 (1971). Therefore, to the best of his recollection (as the slides were deposited with defendant more than eight years ago) plaintiff should produce any duplicate slides or slides similar to those left with defendant.

■ In its eleventh Request, defendant seeks copies of all publications in which plaintiff's photographic works have appeared as well as all agreements relating thereto. Plaintiff objects as the Request is unlimited as to time, overly broad, and calls for material not relevant to the subject matter of the action. In the last objection the plaintiff errs. The frequency and the nature of publications wherein plaintiff's photography appeared relate very closely to the determination of the market value of plaintiff's slides. Indeed, it goes directly to the issue of whether a market exists for plaintiff's photography, that is, whether there is a demand for plaintiff's skills. *MacGregor v. Watts*, 254 App.Div. 904, 5

N.Y.S.2d 525, *reh. denied*, 255 App.Div. 783, 7 N.Y.S.2d 220 (1930). However, as it may be burdensome to compel plaintiff to produce all publications wherein his works appeared, plaintiff is required only to produce copies of publications (and documents relating thereto) in which his photographs appeared and which were published eighteen months before and eighteen months after plaintiff was unable to obtain his slides from defendant. This particular time-frame of three years is ordered with a distinct understanding that the Court may hereafter embrace a larger period.

■ Defendant's Request No. 12 calls for plaintiff to produce his tax returns from 1965 to the present. Plaintiff objects to this request as calling for documents not relevant to the subject matter of the instant action. We disagree; the income plaintiff derives from his photographic endeavors may assist in ascertaining the value of the unreturned slides. See *Newman v. Clayton F. Summy Co.*, 133 F.2d 465 (2d Cir. 1942). In *Newman*, our Court of Appeals held that it was proper to measure the value of a musical manuscript which was unique and had no market value by the worth of the time and effort spent by the owner in reproducing it. While of course plaintiff cannot reproduce the unreturned photographs, the amount of time and effort he devoted to their original creation in conjunction with what he earns as a photographer will offer an indication of the value of the missing slides. Consequently, plaintiff's income tax returns, limited to income derived from his photographic labors, should be made available for inspection.

The remaining objections are without merit and are denied.

SO ORDERED.